J. R. MEAD v. THE UNITED BRETHREN IN CHRIST, *of
El Dorado, et al.*

EJECTMENT — *Demurrer to Evidence, Error to Sustain.* In an action of
ejectment to recover a lot in an addition to the city of E., the plain-
tiff showed a patent from the United States to L., dated December 1,
1870, for a tract of land; that a portion of the same was surveyed,
subdivided and platted by L. as an addition to the city of E., but the
plat was not filed until July, 1870; also a warranty deed, dated De-
cember 29, 1869, from L. and wife, conveying a certain lot in the
addition, as surveyed and platted, to plaintiff; and further, that while
the deed was prior in point of time to the date of the patent and the
recording of the plat, it was not made until after the right of L. for
a patent from the United States was complete, nor until after the ad-
dition was surveyed and subdivided; and testimony was also offered
tending to identify the lot in controversy as the one conveyed to
plaintiff, and as a part of the tract embraced in the patent to L. *Held*,
That the evidence tended to sustain plaintiff's cause of action, and
that the demurrer to the same should have been overruled.

*Error from Butler District Court.*

THE opinion states the case.    Judgment for the defendants,
at the December term, 1887.    The plaintiff *Mead* brings the
case to this court.

*Gillett & Sadler*, for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: J. R. Mead brought an action in the nature
of ejectment against the United Brethren in Christ, of El

Dorado, for the recovery of lot No. 22, on Taylor street, in Lower's addition to the city of El Dorado, alleging that the defendants had unlawfully kept him out of the possession of the lot for three years past, to his damage in the sum of $100, for which also he demanded judgment. A trial was had, which resulted in a judgment in favor of the defendants; and upon the demand of plaintiff the judgment was vacated and set aside and a second trial granted, which occurred on December 28, 1887. This trial was before the court without a jury, and after the plaintiff had submitted his testimony the defendants demurred thereto, upon the ground that it did not show that plaintiff was entitled to recover in the action. The demurrer was sustained; and of this ruling plaintiff complains.

There was offered in evidence a patent from the United States to Edward L. Lower, dated December 1, 1870, for a quarter-section of land in Butler county, a portion of which appears to have been platted by Lower as an addition to the city of El Dorado. Then there was introduced a warranty deed from Lower and wife to plaintiff, J. R. Mead, dated December 29, 1869, conveying, among other property, that which is in controversy, viz.: lot 22, on Taylor street, in Lower's addition to El Dorado. It was shown that the plat made by Lower was not filed until July, 1870; but he was a witness, and testified on the trial that the addition was surveyed and platted before the deed was made to the plaintiff, and before any lots in the addition were sold; and he further stated that the lot conveyed and described as a part of the addition was a part of the tract patented to him, and that he had executed the deed under which the plaintiff claims. This, in our opinion, tended to show title in the plaintiff, and to sustain his cause of action, and was at least sufficient to withstand a demurrer.

No argument or appearance is made by or on behalf of the defendants in this court, nor have we any intimation from any source as to the grounds upon which the demurrer was sustained. It is true that the patent to Lower is of a later date

than his deed to the plaintiff, but the testimony tends to show that the deed was not made until the right to a patent was complete. When the full equitable title had vested in him, he was authorized to convey, although the patent had not yet been issued. The patent is only the evidence of title; and the delay in issuing one, where all the prerequisites to its issuance have been performed, will not affect or hinder the conveyance of the title vested in the owner. It is also true that the plat of the addition of which the lot formed a part appears to have been filed with the register of deeds subsequent to the date of the deed from Lower to plaintiff; but Lower testifies that the addition was surveyed, the lots staked off and numbered, and the streets named, before the lot in question was sold. A conveyance of the lot is not rendered invalid by the failure to make and file the plat before the execution of the deed. In § 5 of chapter 78, Gen. Stat., it is provided that "if any person sell or offer for sale any lot within any city, town or addition before the map or plat thereof be made out, acknowledged, filed and recorded as aforesaid, such person shall forfeit a sum not exceeding $300 for every lot which he shall sell or offer to sell." Under a similar statute it has been held that a sale made before a plat had been filed was not void; that the imposition of a penalty upon the grantor does not vitiate the conveyance, but that the title to the lots would pass to the grantee. (*Bemis v. Becker,* 1 Kas. 226; *Mason v. Pitt,* 21 Mo. 391; *Strong v. Darling,* 9 Ohio, 201.)

The testimony of Lower tends to identify the lot in controversy as the one conveyed to plaintiff, and as a part of the tract described in the patent granted by the United States to Lower. Considering all the testimony in the light which we must when attacked by a demurrer, the ruling of the court must be held erroneous. (*Brown v. Rld. Co.,* 31 Kas. 1; *Wolf v. Washer,* 32 id. 533; *Rld. Co. v. Foster,* 39 id. 329.)

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.