## DOWNING v. RINGER.

Any contract made in consideration of an act forbidden by law, is abso-
lutely void, and the illegality of the contract will constitute a good de-
fence at law, as well as in equity. Therefore, where a person sold a
town lot before the plat of the town was made out, acknowledged, and
deposited in the Recorder's office, as prescribed by the third section of
the act concerning "Towns," (R. C. 1835, p. 599,) the contract was
held absolutely void.

Error to the Circuit Court of Marion county.

GLOVER for Plaintiff.

*Opinion of the Court, delivered by Napton, Judge.*

Ringer was the assignee of a note, given by Downing to
one William Muldrow, for two hundred dollars. The ac-
tion on the note was petition in debt, and the defendant
pleaded nil debit, and two pleas of fraud generally. Issue
was taken; and on the trial, defendant offered to prove that
the consideration of the note was a town lot in the town of
Philadelphia, (Marion county,) and the sale was made and
the note given anterior to the acknowledgment, certifying,
depositing, and filing of the plat of said town in the record-
er's office of Marion county. The court rejected the pro-

posed proof, and this is the only error complained of in this court.

The third section of our statute concerning plats of towns and villages, provides, "that if any person sell, or offer for sale, any lot within any town, village, or addition, before the map or plat be made out, acknowledged, and deposited as aforesaid, (in the recorder's office,) such person shall forfeit a sum not exceeding three hundred dollars for every lot which he shall sell or offer to sell."

It was formerly doubted in England, whether an agreement was void which was not expressly made so by a statute, which merely inflicted a penalty for doing the act: but in Bartlett v. Vinor, (Carth. 252, Chitty on Con., 230,) Lord Holt said, "Every contract made for or about any matter or thing which is prohibited, and made unlawful by any statute, is a void contract, though the statute itself doth not mention that it shall be so, but only inflict a penalty on the defaulter; because, a penalty implies a prohibition, though there are no prohibiting words in the statute."

This is the established modern doctrine, and the distinction between *mala prohibita* and *mala in se*, is discarded. Chitty on Con., p. 232. The cases in this country are uniform in declaring the principle, that if a note or other contract be made in consideration of an act forbidden by law, it is absolutely void, and the illegality of the contract will constitute a good defence at law, as well as equity. 2 Kent's Com., 466 ; Hunt v. Knickerbocker, 334.

The penalty inflicted by the act concerning plats of towns and villages, implies a prohibition against the sale of lots before the requisitions of the act are complied with, and the courts will not enforce a contract entered into against the spirit and policy of the statute. The circuit court erred in rejecting the testimony offered by the defendant, and the judgment is therefore reversed, and the cause remanded.