COLUMBUS INSURANCE COMPANY, Respondent, *vs.* WALSH, Appellant.

1. An action lies to recover back money paid by an insurance company, in ignorance of an insurance subsequently effected, which avoided the policy.
2. The fact that the party in whose name the insurance was effected and to whom the loss was paid, merely acted as agent of the real owner, and had paid over to him, will not prevent his liability back to the company, unless he disclosed his agency before payment.
3. The fact that an agency of a foreign insurance company fails to take out a license according to law, will not prevent the company from maintaining or defending a suit.

*Appeal from St. Louis Circuit Court.*

This was an action brought by the Columbus Insurance Company against Edward Walsh, to recover back money paid upon

a policy, after a loss, in ignorance of a subsequent insurance upon the same property, which avoided the policy.

The company, by its policy dated February 22, 1849, insured the firm of J. & E. Walsh, of which the defendant is surviving partner, in the sum of six thousand dollars, upon one fourth of the steamboat Marshal Ney. The amount insured was four fifths of the valuation of the said one fourth. There was a clause in the policy which avoided it, if any other insurance should be obtained on the same interest, so as to increase the insurance beyond six thousand dollars. The firm of J. & E. Walsh held the legal title to three fourths of the boat.

On the 24th of February, 1849, J. & E. Walsh effected an insurance of four thousand five hundred dollars upon one fifth of three fourths of said boat, in the Tennessee Marine and Fire Insurance Company. This policy recited a prior insurance of eighteen thousand dollars on the said three fourths.

In October, 1849, the Marshal Ney became a total loss by a peril insured against, and J. & E. Walsh abandoned to the plaintiff, claiming the whole amount of the insurance. The loss (abating two and a half per cent.) was accordingly paid by the agent of the company, who then had no knowledge of the subsequent insurance. The sum of two hundred and one dollars was paid by balancing a premium account between the parties, and the balance by a draft on New York, in favor of J. & E. Walsh, which was protested for non-payment, and upon its return was paid by the company to the cashier of the bank of the state of Missouri, the indorsee and holder. This action was brought to recover back the amount thus paid.

The defendant denied that there was any other insurance on the one fourth of the boat insured by plaintiff. He alleged that he was the legal owner of three fourths of the boat, but that the bank of the state of Missouri was the beneficial owner. He also insisted that the plaintiff could not recover, because the policy was issued at the agency in St. Louis, and the plaintiff had not complied with the requisitions of the statute of Mis-

souri, by filing a statement of its condition, an authenticated copy of its charter, &c.

Under the instructions of the court below, there was a verdict for the plaintiff.

*Leslie & Barrets*, for appellant.   1. The one fourth insured by the plaintiff was not insured by the subsequent policy, and this is the legal construction of the policy.   2. There is no analogy between this case and those cases where money has been paid under a mistake of fact and against conscience.  The policy contains a provision in respect to adjustment, under which a payment is to be regarded as a waiver of the condition by which the policy was avoided.   3. At least, the plaintiff could not recover on the ground of ignorance, unless he had used due diligence to get information.   4. The defendant was not the real party in interest, but merely an agent.   5. The plaintiff had not complied with the law in relation to foreign agencies, and therefore could not recover.   1 Swift's Dig. 213.

*Kasson*, for respondent.  1. Money paid under the circumstances of this case may be recovered back.  *Mowatt* v. *Wright*, 1 Wend. 360.  *Wheadon* v. *Olds*, 20 Wend. 176. *Waite* v. *Leggett*, 8 Cow. 195.  *Steel* v. *Lacy*, 3 Taunt. 285.  1 Hill, 293.  1 T. R. 285.  9 Mees. & Wels. 54.  4 Mann. & Gran. 11.   2. Where the insured professes to act on his own account, the party paying has the right to look to him as the real and only contracting party, in his suit to recover back the money.  1 Hill, 287, 293.  1 Taunt. 359.  *Buller* v. *Harrison*, 2 Cowp. 566.   3. It is the province of the court to construe written instruments patent on their face.  1 Zabriskie, (N. J.) 663.  Ib. 711.  9 Iredell, 327.  3 Cranch, 186. 14 Penn. State Rep. 171.  10 Mass. 384.   4. The policies in this case were correctly construed.  It was a mathematical impossibility for the defendant to insure one fifth of three fourths, without insuring on the interest taken by the plaintiff.  But he had insured eighteen thousand dollars on the three fourths,

prior to the insurance in the Tennessee company, making the whole amount insured on the three fourths, twenty-two thousand five hundred dollars, which was at the rate of thirty thousand dollars for the boat, thus covering the entire valuation, the very thing which the plaintiff's policy was intended to prevent, in order that the insurer might be interested in the safety of the boat. 5. The fact that the plaintiff has not complied with the statute of Missouri by filing certain papers with the county clerk, will not authorize defendant to hold money of the plaintiff received by him. The act affixes its own penalties and this is not one of them.

RYLAND, Judge, delivered the opinion of the court.

The principal questions involved in this controversy, relate to the over-insurance of the boat and the capacity of the defendant, Walsh—whether he was acting for himself or as agent for the bank of Missouri.

1. The insurance was made on account of J. & E. Walsh. The company valued the boat at thirty thousand dollars. The one fourth of this estimated valuation is seven thousand five hundred dollars. The insurance is made on four fifths of this one fourth, which amounts to six thousand dollars, leaving one fifth of this one fourth uninsured. This insurance was effected on 22d February, 1849. The stipulation in this policy made void this insurance, if any other insurance should be effected, by which a greater amount than six thousand dollars on this one fourth of the boat should be insured. On the 24th of February, 1849, the defendants procured insurance in the Tennessee Marine and Fire Insurance Company, upon one fifth of three fourths of the said boat, valuing the said three fourths at twenty-two thousand five hundred dollars, stating that eighteen thousand dollars was insured in other offices upon said three fourths. This one fifth, according to estimation, was valued at four thousand five hundred dollars. This last insurance,

then, did most obviously increase the amount beyond the six thousand dollars, which had been insured on the one fourth of the boat in the Columbus company. This last insurance covered the whole three fourths at the valuation of thirty thousand dollars, making it twenty-two thousand five hundred dollars; consequently the increase of the amount of the one fourth was one thousand five hundred dollars. So, then, the one fourth part of the steamer was, in spite of the stipulation in the policy that it should have only four fifths of the estimated valuation insured, fully and wholly insured to its full amount, seven thousand five hundred dollars. This is in violation of the stipulation; this avoided the policy. This, had it been known to the company, would have been a complete bar to a recovery for the loss. It was, however, paid upon this void policy; the plaintiff alleges that the payment was made through ignorance of the facts; that it was never discovered until about three weeks before this action was commenced. Here, then, has been the payment of money through ignorance of the existence of facts which rendered the policy no longer binding; in such a case can it be recovered? In our opinion there can be no room to doubt the plaintiff's right to recover the money thus paid. In *Mowatt* v. *Wright*, 1 Wend. Rep. 360, the court, by Savage, chief justice, uses this language : " The action for money had and received, in general, lies for money which, *ex equo et bono*, the defendant ought to refund, as for money paid by mistake, or upon consideration which happens to fail, &c. A mistake which entitles a party to sustain this action, must be a mistake of fact." " An error of fact takes place, either when some fact which really exists is unknown, or some fact is supposed to exist, which really does not exist." In *Wheadon* v. *Olds*, 20 Wend. 174, it wat held that, " where a contract was made upon an assumed state of facts, in reference to which there is a material mistake, money paid under such a contract may be recovered back, *pro tanto*, in an action of assumpsit."

In *Waite* v. *Leggett*, 8 Cow. 195, it was admitted, that a note for one thousand five hundred and forty-six dollars and six cents, given by Waite to Leggett, on the 4th July, 1806, was erroneously dated on 4th July, 1804, and that, deducting from the account of Leggett against Waite, the interest which had been charged upon a note as accruing from 1804 to 1806, he had been overpaid to the amount of sixty-three dollars and sixty-two cents, including interest, for which the verdict was found, and the question was, whether, under the circumstances, this could be recovered back? It appeared that when Waite gave the note in question, Leggett gave him a receipt for it, correctly dated on 4th July, 1806, and it was contended that, inasmuch as he had the means in his possession of ascertaining the true date of the note, he is chargeable with knowledge of that fact, and that the payments made by him are to be considered as voluntarily made, with a full knowledge that he was paying more than he was legally bound to pay. The court observed, that he knew the true date of the note may be conceded, but the evidence shows, clearly, that he did know that, in the calculation made by Leggett or his attorney, of the amount due, they had considered the note as having been given in 1804 instead of 1806, and had cast the interest accordingly. It was held that it could be recovered back.

In *Bize* v. *Dickason et al.*, 1 T. R. 285, it was held that, where a bankrupt has underwritten a policy to a broker, acting under a commission *del credere*, and a loss upon the policy happens before, but is not adjusted till after the bankruptcy, the broker may deduct the amount of the loss from the debt which he owes to the estate of the bankrupt; and if, by mistake, he pay all that is due to the assignees without deducting such money, he may recover it from the assignees as money had and received to his use. In this case, Lord Mansfield said, " the rule had always been that, if a man has actually paid what the law would not have compelled him to pay, but what in equity and conscience he ought, he cannot recover

it back again in an action for money had and received. So, where a man has paid a debt, which would otherwise have been barred by the statute of limitations, or a debt contracted during his infancy, which in justice he ought to discharge, though the law would not have compelled the payment, yet the money being paid, it will not oblige the payee to refund it. But where money is paid under a mistake, which there was no ground to claim in conscience, the party may recover it back again by this kind of action."

In *Kelly* v. *Solari*, 9 Mees. & Wels. 54, it was held, that money paid by the plaintiff to the defendant, under a *bona fide* forgetfulness of facts, which disentitled the defendant to receive it, may be recovered back in an action for money had and received. It is not sufficient to preclude a party from recovering money paid by him under a mistake of fact, that he had the *means* of knowledge of the fact, unless he paid it intentionally, not chosing to investigate the fact. In this case, Parke, Baron, said, " I think that where money is paid to another, under the influence of a mistake, that is, upon the supposition that a specific fact is true, which would entitle the other to the money, but which fact is untrue, and the money would not have been paid if it had been known to the payer that the fact was untrue, an action will lie to recover it back, and it is against conscience to retain it, though a demand may be necessary in those cases in which the party recovering may have been ignorant of the mistake. " But if it is paid under the impression of a truth of a fact, which is untrue, it may, generally speaking, be recovered back, however careless the party paying may have been in omitting to use diligence to inquire into it. In such a case, the receiver was not entitled to it, nor intended to have it."

Rolfe, Baron, said, "with respect to the argument, that money cannot be recovered back, except where it is unconscientious to retain it, it seems to me that, wherever it is paid under a mistake of fact, and the party would not have paid it if the fact

had been known to him, it cannot be otherwise than uncon-scientious to retain it."

In *Bell* v. *Gardiner*, 4 Manning & Granger, 12, (43 Eng. Com. Law R. 16,) it was held, that a negotiable security given by a party in satisfaction of a liability from which he was dis-charged in law, in ignorance of the facts which constituted such discharge, cannot be enforced against him, though he may have had the means of knowing those facts.

In *Lucas et al., assignees of Oldham*, (a bankrupt,) v. *Worswick*, 1 Moody & Robinson's Rep. 293, it was held, that assumpsit for money had and received lies to recover money paid by plaintiff under a *forgetfulness* of facts which were within his knowledge. There is no doubt, at this day, that money which has been paid under a mistake of facts, which, had they been known, would have been a defence to bar the recovery, may be recovered back. Here there was an act on the part of the assured directly against the policy stipulation, which would have discharged the office from all liability to the assured, arising under the policy, had it been known at the time of the adjustment of the loss. As to the point, then, whether money can be recovered back which has been paid under a policy rendered void by the act of the owner, which act was un-known to the underwriters at the time the money was paid, the law is with the plaintiff below. Therefore, money paid on a loss by an insurance company, in ignorance of the fact that the assured had avoided the policy by subsequent assurance, may be recovered back.

2. The next question relates to the agency of the defendant, Walsh, in this transaction. Was he the agent for the bank of Missouri in procuring this policy on the Marshal Ney, and did he make his agency known at the time of the transaction? The only evidence on this point is, that there was a rumor that he was agent for the bank and the agent of the plaintiff. The witness, Clendenin, says he heard this rumor and he believed it. But nothing was said about the agency at the time the policy

was taken out. Walsh never disclosed his agency, nor did the bank ever give notice that Walsh was agent for the bank, in procuring this policy. All the knowledge on the subject of Walsh being agent, was rumor; the payment, therefore, of the money to the bank, as the holder of the bill of exchange given for the loss, is no defence to Walsh.

In *Canal Bank* v. *Bank of Albany*, 1 Hill, 287, it was held, that a bank to which a draft is indorsed, and sent for the purpose of collecting it as agent of the indorser, and which transacts its business without disclosing its agency, may be regarded and charged as principal by those with whom it thus deals. The language of the court is, "the defendants did not disclose their agency, and must, therefore, as between them and the plaintiffs, be taken to have acted as principals."

In *Snowden* v. *Davis*, 1 Taunton, 359, the principle is set forth in a marginal note, thus.: "To make it a defence to an agent that he has paid over the money, it is necessary that the money should have been paid to the agent expressly for the use of the person to whom he has so paid it over."

In *Buller* v. *Harrison*, Cowp. 565, it was held, that money paid by mistake to an agent and placed by him to the account of his principal, but not paid over, might be recovered in an action against the agent for money had and received.

The court is to construe and declare the effect of written instruments, patent on their face. 1 Zabriskie's (N. J.) Rep. 363. In *Levy* v. *Gadsby*, 3 Cranch, 186, Chief Justice Marshall said: "But in this case, the question arises upon a written instrument, and no principle is more clearly settled than that the construction of a written evidence is exclusively with the court."

3. In regard to the point made by the defendant below, respecting the violation of the statute concerning foreign agencies, in not taking out license, or in not furnishing the clerk of the county court with the resolution of the board of directors, as required by said statute, this court is of opinion, that it is no

16—VOL. XVIII.

defence to this action. Such failure does not make the policy void—does not disable the company to maintain an action, or render it unable to make proper defence to an action. These agencies are required to obtain a license—to pay a tax, and upon neglect or failure, the statute makes them liable to a penalty of five hundred dollars; but it does not declare contracts made by them void.

The law requires a merchant to obtain license before he can sell his merchandise, yet should he sell without license, and then sue to collect his debt, no person ever supposed the omission to obtain license would defeat his right to sue—would be a defence to his debtor. The record presents no error requiring reversal. The instructions given were legal—were proper, and those refused were properly refused; the instructions respecting agency were without any evidence. The judgment of the court below is affirmed, the other judges concurring.