Mason *v.* Pitt.

MASON, Appellant, *vs.* PITT, Respondent.

1. The failure of the proprietor of a town to record a plat of it, will not prevent the title from passing to a purchaser. The statute imposes no penalty on the vendee.

*Appeal from Weston Court of Common Pleas.*

Action for the possession of lot 48 in the town of Winston. The petition alleged that a tract of land was patented to Joseph Winston ; that Winston conveyed the land, "with the town of Winston thereon situate," to William M. Macey ; that Macey conveyed to plaintiff the lot in controversy, by a deed annexed to the petition ; and that defendant had wrongfully entered into possession of said lot.

The answer admitted the patent to Winston and the conveyance from him to Macey, and that Macey executed and delivered to plaintiff "an instrument purporting to be a deed of conveyance of lot 48" in the town of Winston, but denied that there was any such town situate on the tract of land patented to Winston, or that there was "any such lot on said land, so known and described in any plat or survey of said town ;" and alleged that the deed to plaintiff conveyed no title and was void. The defendant admitted that he entered into possession of a lot on the tract patented to Winston.

The cause was tried without a jury, but the record contains no finding of the facts, other than a statement in the entry of judgment that "the plaintiff failed to prove that he was the owner of the lot named in his petition, or that there was any such lot or town lot upon the tract of land named in plaintiff's petition, or that defendant had ever been wrongfully in possession of the lot described in the petition."

The bill of exceptions showed that the plaintiff at the trial offered to read in evidence the deed annexed to his petition, and that it was excluded, but whether for the reason that the original was not accounted for, or that it passed no title, because

the plat of the town was unrecorded, was a matter about which the counsel seemed to differ, and which the bill of exceptions did not show.

Mr. *Adams*, for appellant.  1. There is no such finding of facts as is contemplated by the new code.  The finding should be written and signed by the judge and filed in the cause, and not made up by the clerk in the entry of judgment.  If, however, it is to be regarded as a finding, it is insufficient.  No *fact* is found.  It merely states that there was a "failure of proof."  2. The only question in the case is, whether the deed from Macey to plaintiff was void, because no town plat had been made of the town of Winston ; and on this point, it is insisted that a deed for a town lot will *pas the title* notwithstanding no plat has been recorded.  This is very different from the case in 7 Mo. Rep.

Mr. *Vories*, for respondent.  1. The paper purporting to be a copy of a deed was properly excluded, as no preliminary proof was offered.  2. This court cannot see that it was proper evidence, as it is not saved in the bill of exceptions.  3. The finding was sufficient.  There being an entire failure of proof, the court could find nothing more than it did.

SCOTT, Judge, delivered the opinion of the court.

It is impossible to ascertain from the record, although it contains twenty-eight pages, the point on which this cause turned in the court below.  When parties are to be subjected to the expense of an appeal to the Supreme Court, it would be well enough for the record from the court below to show the point on which the cause was decided.

The deed offered by the plaintiff in support of his title was rejected, but on what ground we are left to conjecture.  On the state of the pleadings, we do not see why judgment was not entered for the plaintiff, as the defendant does not in his answer deny but that he entered upon the lot for which this suit was brought.  The issue made by the pleadings was, whether

the defendant had entered upon the lot or piece of ground which the plaintiff claimed, and not whether the plat of the town in which the lot was represented to be was recorded or not. The defendant does not deny but that he is in possession of the piece of ground claimed by the plaintiff. Where, then, was the issue, according to the pleadings ?

If the defendant intended to rely on the defence hinted at in his answer, but which was not stated in such a way as to deserve the notice of the court, that the plat of the town in which the lot was described to be, had not been acknowledged and recorded, it should have been stated directly, and in a way that nobody could have mistaken his design.

The case of *Downing* v. *Ringer*, (7 Mo. Rep. 585,) decides that the proprietor of a town, the plat of which is unrecorded, cannot recover the purchase money for a lot sold in such town, inasmuch as the penalty imposed on the vendor for such an act implies a prohibition, and the courts cannot aid him in doing that which is forbidden by law.

If a vendee of a lot, in such a town, knowing that the plat is unrecorded when he purchased, should bring an action to enforce a specific performance of the contract of sale, he might be met with the statute. But, in this case, there is nothing showing that the vendee was affected with any notice of the fact that the plat was unrecorded, and without such notice he is an innocent purchaser.

But the answer to this whole matter of the plat being unrecorded is, that the contract is executed, the title has passed, and the law imposes no penalty on the vendee.

The other judges concurring, the judgment will be reversed, and the cause remanded.