R. C. FRIEND *et al.*, Respondents, v. MATTHEW S.
PORTER, Appellant.

Kansas City Court of Appeals, May 16, 1892.

Nuisance: MINING SHAFT IN STREET: ILLEGAL CONSIDERATION: ENTIRE
CONTRACT. Keeping up a mining shaft in a public street is maintain-

ing an indictable public nuisance; and it matters not whether the
street had been improved and used provided it was dedicated by
filing a plat; and an agreement for maintaining such shaft is void and
non-enforceable because intending the performance of an act forbidden
by law; and this is the rule whether the act is *malum in se* or *malum
prohibitum;* and, where an indivisible contract is largely based on an
illegal consideration, the entire contract is void.

*Appeal from the Jasper Circuit Court.*—HON. M. G.
McGREGOR, Judge.

REVERSED.

*McReynolds & Halliburton*, for appellant.

(1)   No evidence should have been permitted of
the sale of the shaft.   Because the evidence shows that
the shaft was located in a public street where plaintiffs
could have no right or title to it, and could not sell
any.   Dillon on Municipal Corporations [Ed. 1872]
sec. 518; Elliott on Roads & Streets, pp. 86–8, and
note 2, p. 86; *Thurston v. City of St. Joseph*, 51 Mo.
512–13.   The street was dedicated as required by
statute and accepted by the city, and the fact that the
city had not opened it makes no difference.   Elliott on
Roads & Streets, p. 86, *et seq.;* p. 661, and note 3;
*Glasgow v. City of St. Louis*, 87 Mo. 682–3.   Private
individuals could not take it for private use and
acquire any title or interest that they could sell.   See
authorities, *supra; Dubach v. Railroad*, 89 Mo. 488;
*State v. Culver*, 65 Mo. 607.   And both plaintiffs and
defendant were liable to indictment at any time for
digging and using the shaft in the street.   Elliott on
Roads & Streets, pp. 477–9.

*Thomas & Hackney*, for respondents.

(1)   This court will not review the action of the
trial court in admitting and excluding evidence, for

the reason that the general statements in the motion for new trial were not sufficient to direct the attention of the trial court to the errors relied on.

GILL, J.—This action was brought for the purchase price agreed to be paid for a mining shaft with license for taking out minerals in some adjacent lots. The shaft had been sunk by the plaintiffs within the lines of Eldorado street in the city of Carthage. Defendant was mining on an adjoining lot, and desiring additional facilities for raising his mineral agreed with plaintiffs for the use of the shaft in question, and it is claimed by plaintiffs contracted to pay them therefor the sum of $500. On a trial below the plaintiffs had a verdict and judgment for the amount claimed, and defendant appealed.

It must be admitted that this excavation or shaft sunk in the public street of Carthage constituted an indictable obstruction or nuisance. The street had been dedicated to public use as a thoroughfare, and no private party (not even the city itself) had any authority or right to use it for any other or different purpose. *Glasgow v. St. Louis*, 87 Mo. 678; *Belcher Sugar Refining Co. v. Grain Elevator Co.*, 82 Mo. 127. These plaintiffs then by entering upon Eldorado street and making said excavation were in plain violation of the law, and every day they continued such shaft they were guilty of maintaining a public nuisance. Dillon on Municipal Corporations [4 Ed.] secs. 659, 660; Elliott on Roads & Streets, 477. It matters not whether the city had taken upon itself to improve and use the street. The street had been dedicated under the statute by filing a plat, and no acceptance on the part of the city was necessary. *Reid v. Board of Education*, 73 Mo. 304; *Meyer v. Railroad*, 35 Mo. 356.

It is clear then that this excavation in the public thoroughfare so made by these plaintiff could not be the subject of barter and sale. It was not property in any sense of the word; it could not form any consideration for a promise to pay money.

More than this, this agreement to pay the $500 had for its consideration the maintenance of an illegal obstruction or nuisance in the public street, and such contract was, therefore, void and non-enforceable, because intending the performance of an act forbidden by law. *Downing v. Ringer*, 7 Mo. 585. "Any act which is forbidden either by the common or the statutory law—whether it is *malum in se*, or merely *malum prohibitum;* indictable, or only subject to a penalty or forfeiture, or however otherwise prohibited by a statute or the common law—cannot be the foundation of a valid contract; nor can anything auxiliary to or promotive of such act." Bishop on Contracts [Ed. of 1887] sec. 471. Since, too, the promise sued on is based largely (if not altogether) on such illegal consideration, and the contract is indivisible, the entire contract is void. Greenhood on Public Policy, 17, and cases cited under the head of "illustrations." It follows then that the judgment herein must be reversed. All concur.