MILTON F. WILLIAMS, Respondent, v. JOHN SCULLIN, Garnishee of the McGregory Brick Company, Appellant.

St. Louis Court of Appeals, October 9, 1894.

1. **Foreign Corporations**: ENFORCEMENT OF CONTRACTS MADE IN THIS STATE: GARNISHMENT OF DEBTOR. A contract made in this state by a foreign corporation which has failed to comply with the act of April 21, 1891, is invalid, if it does not come within the exceptions made by that act. Accordingly, a subscription to the capital stock of such corporation, made in this state since that act became operative, can not be enforced through the garnishment of the subscriber on a judgment against the corporation.

2. ———: ———: ———. The plaintiff in a garnishment proceeding, in which he seeks to charge the garnishee as a stockholder of a corporation, can not work an estoppel against the garnishee, of which such corporation could not avail itself.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED.

*Thomas E. Ralston* and *E. S. Robert* for appellant.

(1) A foreign corporation can not sue in this state without complying with the law prescribing the

terms upon which it may enter and so do business herein, and the terms upon which it may enforce a contract in our courts. To maintain an action in Missouri a foreign corporation must show compliance with the provisions of the act of April 21, 1891. Session Laws, 1871, p. 75; 2 Cook on Stock & Stockholders [3 Ed.], sec. 694, and cases in note 2, p. 998 to above section; 2 Morawetz on Corporations [2 Ed], secs. 661, 959 and 960; *Paul v. Virginia*, 8 Wall. 168; *Pembina Mining Co. v. Penn.*, 125 U. S. 181; *Insurance Co. v. Rosenthal*, 55 Ill. 85; *Semple v. Banks*, 5 Sawy. 88. (2) It is an elementary rule that garnishing creditors have no other or greater right than their debtors had against the garnishee at the time of the garnishment. *Gregg v. Bank*, 80 Mo. 251; *McPherson v. Railroad*, 66 Mo. 103; *Sheedy v. Bank*, 62 Mo. 17; *McDermott v. Donegan*, 44 Mo. 85; *Weil v. Tyler*, 38 Mo. 545; *Scales v. Southern Hotel*, 37 Mo. 520; *Firebaugh v. Stone*, 36 Mo. 111; *Juvell v. Harkness*, 49 Mo. App. 357; *Scarritt v. Moser*, 48 Mo. App. 543; *Reinhart v. Empire Soap Co.*, 33 Mo. App. 24; *Heege v. Finn*, 18 Mo. App. 139; *Fenton v. Block*, 10 Mo. App. 536; *National Bank v. Staley*, 9 Mo. App. 146; *Funkhouser v. Eveland*, 3 Mo. App. 602; Drake on Attachment [7 Ed.], sec. 468.

*Benj. J. Klene* for respondent.

ROMBAUER, P. J.—The plaintiff recovered a judgment against the McGregory Brick Company in St. Louis county for $464 and costs. He caused executions to be issued upon such judgment, and, upon their return *nulla bona*, he caused John Scullin to be summoned as garnishee of the execution defendant. The garnishee by answer denied all indebtedness to the corporation. The plaintiff by denial of the answer charged that the garnishee subscribed for one hundred shares in

the corporation at $50 a share; that the corporation thereafter made successive calls upon such shares, exhausting the entire amount; that upon such calls Scullin paid only $3,000, leaving $2,000 due and unpaid to the corporation, and that demand having been duly made upon him for the payment of said $2,000, the plaintiff was entitled to judgment against him for the amount of his own judgment against the corporation with interest and costs. The garnishee by reply took issue, and averred that he never subscribed for the stock as charged in the plaintiff's denial, and that the issue of such stock was never legally authorized. The garnishee's reply further stated that the McGregory Brick Company was a foreign corporation for pecuniary profit, and had never complied with the requirements of an act of the general assembly of the state of Missouri, approved April 21, 1891, which requires such corporations, before they are permitted to do any business in this state, to deposit with the secretary of state a copy of their articles of association, and certain sworn statements touching their capital stock, and also to pay certain incorporating taxes and fees to the state of Missouri. The reply then states that said act expressly provides that a foreign corporation which fails to comply with its requirements may not maintain any suit or action, either legal or equitable, in any court of this state upon any demand, whether arising out of contract or tort. This defense in the reply then concludes as follows: "Therefore this garnishee avers that said McGregory Brick Company could not now or ever maintain any suit or action against him in this state either upon the alleged cause of action set forth in said denial, or otherwise; that under the law of this state, as declared in repeated decisions of our supreme court, the plaintiff stands in no better position than his alleged debtor, the McGregory Brick Company, and can not

maintain this garnishment proceeding against him, and that under the aforesaid act of the general assembly of this state the alleged subscription for, or purchase of, one hundred shares of the reserve stock of said McGregory Brick Company by the garnishee, as set forth in plaintiff's denial, was and is void in law both as between the garnishee and said company and its creditors, and against the public policy of this state as declared in the aforesaid act of April 21, 1891.''

The parties went to trial upon these pleadings. It appeared by the plaintiff's own evidence *that all corporate transactions resulting in the alleged subscription by plaintiff for the one hundred shares of the stock in question took place in the state of Missouri.* It was expressly admitted by the plaintiff that the McGregory Brick Company had never complied with the provisions of the act of April 21, 1891. Upon these facts appearing, the garnishee asked the court to declare the law that the plaintiff could not recover against him in this proceeding. The court refused so to declare, and found from the evidence that the garnishee owed $2,000 to the defendant corporation upon his stock subscription, and ordered that he pay out of this amount the sum of plaintiff's judgment against the corporation with interest and costs. From this judgment the garnishee appeals, assigning for error, among other things, the refusal of the declaration of law asked by him.

That corporations created by one state, with certain exceptions to which the defendant corporation does not belong, can do no business in another state without the consent of the latter, express or implied, is established beyond controversy. The foreign corporation, as FIELD, J., pertinently says in *Paul v. Virginia*, 8 Wall. 168, 181, ''having no absolute right of recognition in other states, but depending for such recognition and

the enforcement of its contracts upon their assent, it follows, as a matter of course, that such assent, may be granted on such terms and conditions as those states may think proper to impose. They may exclude the foreign corporation entirely; they may restrict its business to particular localities, or they may exact such security for the performance of its contracts with their citizens as in their judgment will best promote the public interest." In *Semple v. Bank*, 5 Sawy. 88, the court set aside a judgment of foreclosure obtained by a foreign corporation on the ground that the corporation, not having complied with the laws of the state, had no legal capacity to sue, and hence the judgment was void. If the contract in this case, upon which the plaintiff bases his right of recovery against the garnishee is void, as one prohibited by the laws of this state, and if the corporation itself was powerless to enforce the contract, how can it be enforced by the plaintiff, who, *in this form of action*, at least for all intents and purposes stands in the shoes of the corporation. It has been settled by a long line of decisions in this state that, excepting cases of fraud, the plaintiff in a garnishment proceeding occupies no better position than his debtor, and a defense which a garnishee has against his creditor is, with the exception stated, equally available against the execution creditor. *Firebaugh v. Stone*, 36 Mo. 111; *McPherson v. Railroad*, 66 Mo. 103; *Scarritt Furniture Co. v. Moser*, 48 Mo. App. 543, 548.

The plaintiff's contention seems to be that the garnishee is estopped to set up this defense, because by his conduct he held himself out as a shareholder of the corporation, and the plaintiff as creditor stands on a different plane from that occupied by the corporation.

Many cases here and elsewhere hold that, in proceedings in equity or in the enforcement of the stock-

holder's liability by statutory proceedings to that effect, the right of the creditor is not determined by the rights of the corporation. *Skrainka v. Allen*, 7 Mo. App. 434; s. c., 76 Mo. 384. Even the unconstitutionality of the act of incorporation has been held to be no defense to a stockholder, when sued by a creditor in such proceedings. Thompson on Liability of Stockholders, section 415, note 1. But this rule of estoppel has never been applied where the stockholder was sued by garnishment, and it has been repeatedly held in this state that in such suits the rights of the creditor are identical with those of the corporation. *McDermott v. Donegan*, 44 Mo. 85; *Leucke v. Tredway*, 45 Mo. App. 507, 511.

It necessarily results from these views that, as the corporation is prohibited from maintaining any suit in this state, no recovery can be had by the corporation against the garnishee on the alleged liability, and the plaintiff, under the conceded facts, can not recover in this proceeding.

All the judges concurring, the judgment is reversed.

### ON MOTION FOR REHEARING.

ROMBAUER, P. J.—If we understand the mover's complaint, he is laboring under the impression that we overlooked the distinction between the validity of a debt, and the ability of any particular person to enforce it. An argument bearing on this distinction was made by him in the brief originally filed. We deemed it unnecessary to discuss the merits of that argument in the foregoing opinion, as it rested on a total misconception of the statute under consideration. Counsel labors under the impression that, although the statute expressly provides that foreign corporations for

Williams v. Scullin.

pecuniary gain (except insurance and railroad companies), which fail to comply with its requirements, *shall not be permitted to do any business in this state,* except by drummers soliciting trade, and then only when the corporation is entirely nonresident, yet they *may* make a valid contract within this state. Such is not the statute.

In regard to contracts entered into in this state by a resident foreign corporation for pecuniary gain, the invalidity attaches to the contract, as the validity of the contract is determined by the laws of the state where it is made, if that be also the place of its performance. *Broadhead v. Noyes*, 9 Mo. 56. But, since the laws of the forum determine the remedy, the legislature in very plain terms informed these tramp corporations, who locate in this state and thus become resident here, that, unless they comply with the requirements of the statute, they can not invoke the aid of our courts to enforce a contract made by them anywhere. Contracts made by such corporations in this state stand on the same footing as other *ultra vires* contracts, and while they remain executory are unenforceable everywhere, whether in this state or out of it.

As the contract proceeded on in this action against the garnishee was executory; as it was made in this state and was to be performed in this state; as the corporation was admittedly a foreign corporation for pecuniary gain, and attempted to do its business exclusively in this state without complying with the requirements of the statute, it is evident that the contract was voidable, and could not be enforced by the corporation anywhere if its enforcement was resisted. The motion of rehearing is, therefore, overruled.

The garnishee has filed a motion to have his expenses in this court taxed as costs in his favor, and to remand the cause to the trial court so that he may

obtain an allowance there for expenses incurred in his defense in that court. The first part of the motion comes too late. Under our rule a claim for an allowance to a garnishee must be made by him in his statement or brief, so that the opposite party has an opportunity to contest the merits of the claim. As, however, the garnishee had no opportunity to make any claim for an allowance in the trial court, the judgment heretefore entered will be so modified as to remand the cause to the trial court for the sole purpose of enabling the garnishee to claim his allowance there for expenses incurred in that court. So ordered. All the judges concur.