S. A. MAXWELL & COMPANY, Branch of the National Wall Paper Company, Appellant, v. GEORGE W. EDENS, Respondent.

St. Louis Court of Appeals, March 10, 1896.

1. **Foreign Corporations:** RIGHT TO SUE IN THIS STATE. When a foreign corporation which is entirely nonresident sells goods in this state through a traveling salesman or drummer, it is entitled to sue for the purchase price in the courts of this state without first filing with the secretary of state a copy of its charter or articles of association, the right of suit in such case being within the express provisions of the act of April 21, 1891.

2. **Practice, Appellate**: REVIEW OF EXCEPTIONS NOT PRESERVED BY MOTION FOR NEW TRIAL. The action of the trial court in the admission of evidence can not be reviewed on appeal, when it is not assigned as ground for new trial in the motion therefor.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*J. S. Plummer* and *Joseph Cravens* for appellant.

No brief filed by respondent.

BOND, J.—Plaintiff sues on an account for $193 for goods sold and delivered. Defendant answered that plaintiff, purporting to be a foreign corporation created in New York, had not complied with the laws of this state to entitle it to do business in this state by filing copy of its articles of incorporation with the secretary of state, and that it was a member of an unlawful combination and conspiracy to control and regulate and fix prices in contravention of law. The case was tried before a justice, appealed to the circuit court of Barry county and thence removed to Newton county, where the issues were submitted to the court sitting as a jury.

There was evidence tending to show that after the sale of the goods by plaintiff (who is a New York corporation), but before the filing of this suit, plaintiff complied with the provisions of law relating to foreign corporations formed for pecuniary profit, so as to entitle it to do business in this state, by filing a copy of its incorporation as required by the act of April 21, 1891, and received a certificate to that effect from the secretary of state. There was also evidence that defendant purchased the goods sued for at the price stated from a drummer or traveling salesman of plaintiff who was

soliciting trade at the town of Cassville, where defendant was engaged in the drug business; that the goods had not been paid for, defendant claiming that he turned them over to his successor in business. There was also evidence tending to show that plaintiff issued circulars offering rebates to those of its customers who used its goods exclusively for a certain time, and that it proposed to establish jobbing houses to supply its customers with goods at a uniform price. This evidence was received over plaintiff's objection for its incompetency and irrelevancy. Plaintiff does not, however, in its motion for a new trial, complain of its reception as error. The court, after refusing declarations of law requested by plaintiff, rendered judgment for defendant, whence this appeal by plaintiff.

One of the declarations of law requested by plaintiff is to wit: "That, if the court finds and believes from the evidence in this case that defendant, Brim & Edens, by their agent or clerk bought the goods in question from plaintiff's agent or representative, who visited defendants at Cassville, Missouri, as plaintiff's traveling salesman or drummer, soliciting business for plaintiff, and that plaintiff at the time of said purchase was entire, nonresident corporation of Missouri, then plaintiff had the right under the law to sell said goods to defendant by or through such traveling salesman or drummer, although plaintiff was a foreign corporation or a corporation organized under the laws of New York, even though plaintiff had not filed with the secretary of state, in this state, a copy of its charter or articles of association."

As the chief purpose of giving declarations of law, where cases are tried by the court sitting as a jury, is to disclose the theory upon which the court acted, it is apparent that the court in this case made its finding upon a theory of law contrary to that expressed in the

foregoing declaration, since it was refused although there was evidence to support the facts assumed in it. In this the court erred. This declaration is in strict consonance with the terms of the act of April 21, 1891 (Acts of 1891, p. 75), and with the decisions of this court. *Williams v. Scullin*, 59 Mo. App. 30; *Pierce Steam Heating Company v. Siegel Gas Fixture Company*, 60 Mo. App. 148. The refusal of this declaration of law was prejudicial, and involves a reversal of this judgment.

The objection made by plaintiff to the admission in evidence of the circulars issued by it is not before us for review, since plaintiff wholly failed to complain in any of the grounds of its motion for new trial of the rulings of the court in the admission of evidence.

The judgment in this case will be reversed and the cause remanded. All the judges concur.