Blevins v. Fairley.

---

JOHN A. BLEVINS, Appellant, v. D. A. FAIRLEY, Respondent.

Kansas City Court of Appeals, May 17, 1897.

1. **Corporation**: RESIDENT FOREIGN: AUTHORITY TO DO BUSINESS: PROMISSORY NOTE. The maker can not defeat an action on a note given to a foreign corporation on the ground that it has not obtained authority to do business in this state under the law of 1891, unless he shows the corporation was a resident institution in the state.

2. ——: ——: ——: ——. A subsequent compliance by a resident foreign corporation with the statute requiring it to secure authority to do business in the state, can not relate back and validate a transaction which was invalid when it took place.

*Appeal from the Morgan Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

*Blevins & Daniels* and *A. L. Ross* for appellant.

(1) The contract or note sued on is not void by reason of the failure of the Davis & Rankin Building & Manufacturing Company, prior to November 13, 1893, to comply with the act of the legislature of 1891, relative to foreign corporations. The payee of the note was not a resident foreign corporation doing business in this state in violation of said act. It was represented

by a traveling salesman or drummer or "agent," as designated in defendant's answer. The statute excludes from its operation contracts made by traveling salesmen. *Steam Heating Co. v. Gas Fixture Co.*, 60 Mo. App. 155; *Williams v. Scullin*, 59 Mo. App. 30; *Bldg. & Mfg. Co. v. Dix*, 64 Fed. Rep. 413. (2) Besides, by the receipt of the consideration and the execution of the note to the Davis & Rankin Building & Manufacturing Company, defendant recognized the capacity of said company to accept and hold the note, and to assign the same. He is now estopped from asserting the incapacity of the payee or the invalidity of the note; to permit him to do so would be an intolerable fraud upon the public. *Press Co. v. City Bank of Hartford*, 58 Fed. Rep. 321; *Meyers v. Old*, 57 Mo. App. 639; *Reinhard v. Lead Co.*, 107 Mo. 616; *Smith v. Sheely*, 12 Wall. 358; *Bank v. Mathews*, 98 U. S. 621. (3) The act of the legislature in question should be strictly construed. It does not expressly or impliedly say that contracts made by a foreign corporation in violation of its terms shall be void. *Carson–Rand Co. v. Stern*, 129 Mo. 384; *Fritz v. Palmer*, 132 U. S. 282. (4) The right or duty to enforce penalties imposed by statute on persons or corporations transacting business in the state contrary to the provisions of the statute is exclusively for the state, and the state is the only party which can complain, and if the state does not complain the individual can not. *Whitman v. Wyman*, 101 U. S. 396; *Fritz v. Palmer*, 132 U. S. 282; *Mining Co. v. Richard*, 95 Mo. 110.

*Wm. Forman* and *D. E. Wray* for respondent.

(1) Plaintiff's evidence wholly failed to make out a *prima facie* case, and the court properly sustained the demurrer at the close of plaintiff's case. The note in suit

Blevins v. Fairley.

provides for an attorney's fee incurred in its collection. It is therefore a nonnegotiable note. *Clark v. Barnes,* 58 Mo. App. 667; *Bank v. Marlow,* 71 Mo. 618; *Samstag v. Conley,* 64 Mo. 477. (2) The evidence shows that all corporate transactions from the erection and equipment of the Versailles Creamery, to the obtaining of the note in question by false and fraudulent representations, took place within the state of Missouri. The fact that the Davis & Rankin Building & Manufacturing Company erected and equipped the Versailles Creamery was alone sufficient to show that it was a resident foreign corporation, doing business in this state in violation of the act of April 21, 1891. Laws of 1891, p. 75. A contract made in this state by a foreign corporation which has failed to comply with the act of April 21, 1891, is invalid. *Williams v. Scullin,* 59 Mo. App. 30. "The laws of the forum determine the remedy. The legislature, in very plain terms, informed these tramp corporations, who locate in this state and thus become resident here, that unless they comply with the requirements of the statute, they can not invoke the aid of our courts to enforce a contract made by them anywhere."

ELLISON, J.—This action is on a nonnegotiable promissory note assigned to plaintiff. A demurrer to the plaintiff's evidence was sustained and he appeals.

It appears that the note was executed to the Davis & Rankin Building & Manufacturing Company, an Illinois corporation. That it was given to STATEMENT. such corporation as part consideration for the erection and equipment of a creamery at Versailles, Missouri. The contract for the creamery, out of which the note arose, was made by a traveling soliciting agent representing the corporation. It is urged in defense of the judgment for defendant,

that the corporation had not complied with the laws of 1891, page 75, by filing proper certificate with the secretary of state and obtaining authority, and that by reason thereof it could not contract or maintain an action in this state under the express provisions of the law aforesaid. The law itself expressly excludes from the operation of the act traveling salesmen soliciting business in this state for foreign corporations. And it has been held that the act applied only to those corporations which established themselves here as "resident foreign corporations" and transacted business. And that it did not apply to foreign corporations not established or resident in this state. *Steam Heating Co. v. Gas Fixture Co.*, 60 Mo. App. 155; *Davis & Rankin Bldg. & Mfg. Co. v. Dix*, 64 Fed. Rep. 412; *Williams v. Scullins*, 59 Mo. App. 30.

In the present case it does not appear that at the time the note was executed said corporation was an established resident institution in this state. It does not appear that it did more than have an agent who took orders which were sent to Chicago and there executed by sending machinery and material into this state for erection. We are of the opinion, therefore, under the authorities, *supra*, that the action of the court in holding the act of 1891 applicable was erroneous.

CORPORATION: resident foreign: authority to do business: promissory note.

2. But it may be that further development may show that in reality such foreign corporation did fall under the provisions of said act. It may have been a corporation established for business in this state and residing here though evading the provisions of the law, or at least failing to comply with such provisions. Cases may be readily suggested where foreign corporations might so act and be so situated as to fall within the terms of the law, as construed by the courts, and

yet fail to comply with the law. We have no means of knowing how the truth was in this case, but it does appear that, in point of fact, the corporation did comply with the terms of the law and receive authority from the secretary of state. But this was on November 13, 1893, more than a year after the date of the note which was executed August 11, 1892.

3. If, therefore, it should be shown that the Davis & Rankin corporation was such as to be embraced by the statute aforesaid at the time the contract was made and the note was executed, a subsequent compliance with the statute can not relate back and validate a transaction which was invalid when it took place.

We have deemed it necessary to say this from the fact that plaintiff himself introduced the certificate of authority of the date aforesaid, from the secretary of state.

The judgment will be reversed and cause remanded. All concur.