J. G. Ehrhardt, Appellant, v. Robertson Brothers, Respondents.

Kansas City Court of Appeals, February 6, 1899.

1. **Corporations**: FOREIGN: VIOLATION OF STATUTE: VOID NOTE.   If a foreign corporation does not comply with the statutory provision permitting it to do business in this state, it has no authority to make contracts, and notes given to it are void.   Cases reviewed and discussed and Carson-Rand Co. v. Stern, 129 Mo. 381, distinguished.

2. ——: ——: ——: INDORSEE OF NOTE: ACTION.   The indorsee of a note made to a foreign corporation unauthorized to do business in this state is a mere transferee of a void contract and can no more maintain an action than could the corporation.

3. ——: ——: ——: COLLATERAL ATTACK.   Since the business transactions of a foreign company unauthorized to do business in this state are invalid, such acts may be taken advantage of by the parties affected without waiting for action on the part of the state.

4. ——: ——: RESIDENT AND NONRESIDENT: JURY QUESTION.   In this case the question of whether the foreign corporation involved was wholly a nonresident or a resident of this state was fairly submitted to the jury on proper instructions and there is sufficient evidence to support the finding of the jury.

5. ——: ——: RIGHT OF ENTRY INTO STATE: STATUTE.   The entrance of a foreign company into a state and settlement therein for the purpose of operating its business is not a right possessed by it, but is an act of grace, and a state may prescribe any conditions it sees proper.

*Appeal from the Cooper Circuit Court.*—Hon. D. W. Shackleford, Judge.

W. G. Pendleton and James L. Minnis for appellant.

(1)   The foreign corporation act of 1891 applies only "to foreign corporations permanently located in this state,"

and "expressly excludes from its operations business trans-
acted by drummers and traveling salesmen soliciting busi-
ness in this state for foreign corporations." Blevins v.
Fairley, 71 Mo. App. 259; Steam Heating Co. v. Gas Fix-
ture Co., 60 Mo. App. 148; Maxwell v. Edens, 65 Mo. App.
440; Session Acts 1891, p. 75. (2) In any event the note
was not void. The said act of 1891 provides a penalty for
its violation. The rule of law is, that when a law forbids
the doing of a given kind of business except on conditions,
and provides a penalty for its violation, the penalty ex-
pressed in the law is exclusive of all others. So held by our
supreme court in construing our laws relating to foreign in-
surance companies. Ins. Co. v. Walsh, 18 Mo. 229; Clark
v. Middleton, 19 Mo. 53; Prince v. Baptist Church, 20 Mo.
App. 332. So held in construing our usury laws. Hemery
v. Marksberry, 57 Mo. 399. The construction placed upon
the law by our supreme court visits on the noncomplying cor-
poration the penalties expressly provided, but exempts it
from all other penalties. Carson-Rand Co. v. Stern, 129
Mo. 381; Lumber Co. v. Thomas, 33 W. Va. 566; Fire En-
gine Co. v. Mt. Vernon, 9 Wash. 142. Said act does not
provide that the contracts made with a noncomplying corpora-
tion shall be void. Hence, after a contract has been executed
by the corporation, the other party thereto can not avail him-
self of the failure of the corporation to comply with said act
as a defense. Like other *ultra vires* contracts of corpora-
tions (in the event it be such) where the contract is executed
by the corporation, the authority of the corporation can not
be questioned in a collateral proceeding. The state alone
can complain. Drug Co. v. Robinson, 81 Mo. 18; Welsh v.
Brewing Co., 47 Mo. App. 608; Ins. Co. v. Smith, 117 Mo.
261; Bank v. Matthews, 98 U. S. 621; Fritts v. Palmer, 132
U. S. 282; Wright v. Lee, 55 N. W. Rep. 931.

J. W. JAMISON and C. D. CORUM for respondents.

(1) The instruction given by the court was warranted by the pleadings and the evidence and is a clear exposition of the law. The verdict of the jury is supported by the evidence and was for the right party. Session Acts 1891, p. 75; Williams v. Scullin, 59 Mo. App. 30; Steam Heating Co. v. Gas Fixture Co., 60 Mo. App. 148; Blevins v. Fairley, 71 Mo. App. 259; Ins. Co. v. Smith, 73 Mo. 368. (2) The contract upon which appellant seeks to recover is not only *ultra vires* but is in violation of the act of 1891, which act is clearly penal. The contract therefore is illegal and void. Bank v. Young, 37 Mo. 398; Williams v. Scullin, 59 Mo. App. 30; Thorne v. Ins. Co., 80 Pa. St. 15; Dudley v. Collier, 87 Ala. 55; Chambers v. Falkner, 65 Ala. 448; Lawson on Contracts, sec. 280; Bank v. Paige, 6 Ore. 431; Machine Co. v. Caldwell, 54 Ind. 270; Miller v. Ammon, 145 U. S. 421; Hall v. Coppell, 7 Wall. 548. (3) That the contract is void as unlawful may be pleaded by anyone to an action founded thereon. This rule applies to *bona fide* holders of negotiable paper. 2 Randolph on Com. Paper, secs. 517 and 559; Teideman on Com. Paper, sec. 280; Bank v. Owens, 2 Pet. 527; Safford v. Wycoff, 4 Hill, 442; Comings v. Leedy, 114 Mo. 454.

ELLISON, J.—Plaintiff is the indorsee of a note given to A. W. Stephens & Son, a corporation organized in New York, for the price of a threshing machine. The judgment below was for defendants.

It is not pretended that the corporation aforesaid ever complied with the laws of 1891, page 75, in relation to foreign corporations. It is provided by section 1 of that act that, "before it (the corporation) shall be authorized or permitted to transact business in this state," it "shall have and

maintain a public office or place in this state for the trans-
action of business, where legal service may be obtained upon
it," etc.   It is provided by section 2 of said act that such
corporation shall file with the secretary of state a copy
of its charter showing the proportion of the capital stock
represented by its property located and business transacted
in this state.   That the secretary of state shall issue his cer-
tificate upon a compliance with the act by the corporation
*authorizing it to do business in this* state.   Section 3 of said
act provides that if such corporation shall "fail to comply
with the conditions of this law, it shall be subject to a fine of
not less than $1,000,   *   *   *   in addition to which pen-
alty, on and after the going into effect of this act, no foreign
corporation as above defined, which shall fail to comply with
this act, can maintain any suit or action, either legal or equi-
table, in any of the courts of this state, upon any demand,
whether arising out of contract or tort."

The foregoing provisions clearly demonstrate that the
legislature intended that "before" a foreign corporation
could transact business in this state, it should, as

CORPORATIONS: a condition preceding its right to do business,
foreign: viola- provide a public office or place to transact busi-
tion of statute:
void note. ness where legal service of summons, notice, etc.,
could be had in proceedings taken against them.
It is furthermore apparent that the legislature intended a
compliance with the law and a certificate thereof from the
secretary of state, to be the authority whereby it might as-
sume to act as a corporate body.   If the corporation did not
do so, it had no more authority to transact business in this
state than if it had no corporate organization at all.   It
may not be inapt to say that the certificate of the secretary
of state is a local incorporation.   If it assumes to transact
business in defiance of the law and takes to itself obligations,
the courts of this state can not enforce them.   Our law not

only prohibits the transaction of business without a compliance with the law, but it also imposes a penalty on the corporation itself. It being therefore *unlawful* for such corporation to transact business in this state without a compliance with the statute, its contracts are void when made without such compliance.

It is a familiar rule that a contract in furtherance of an act prohibited by statute is void, although not therein expressly declared to be void. Lawson on Cont., secs. 279, 280; Reese on *Ultra Vires,* sec. 69. Where the object of the statute is revenue a contract contrary to its provisions may not be void. 1 Wharton's Conts., sec. 364. Such was the object of the law formally in this state as to insurance companies. Ins. Co. v. Walsh, 18 Mo. 229. "But when a statute imposes a penalty, not as a tax, but as a punishment, then a contract to do the thing on which the penalty is imposed is ordinarily unlawful; and so when the act is absolutely prohibited. And when conditions on the exercise of a business are imposed in a statute for the maintenance of public order, or for the protection of parties, or on the grounds of public policy, then contracts by such persons, in violation of the statute, are void." 1 Wharton's Conts., sec. 365. "A contract made in violation of a statute is void, unless the whole statute discloses an intention that it shall not be so." Miller v. Ammon, 145 U. S. 421.

The statute in question has been before the St. Louis court of appeals in Williams v. Scullin, 59 Mo. App. 30, where it was held to invalidate a contract by a corporation which had not complied with the act. And so we held in Blevins v. Fairley, 71 Mo. App. 259, that a subsequent compliance with the statute could not validate a contract made before compliance.

Similar statutes, in other states, have been construed as invalidating contracts made by the corporation which had not complied with these provisions. Thorne v. Ins. Co.,

80 Pa. St. 16; Dudley v. Collier, 87 Ala. 431; Bank v. Paige, 6 Ore. 431; Lumber Co. v. Thomas, 92 Tenn. 587; Ins. Co. v. Rosenthal, 55 Ill. 85; Ins. Co. v. Harvey, 11 Wis. 394. There are some cases to the contrary: Toledo Co. v. Thomas, 33 W. Va. 566. That case refers for authority to some cases which involved a matter of tax, or revenue, which, as has been seen, is an exception and not the rule. Again it refers to Hartford v. Mathews, 102 Mass. 221. But the statute in that state expressly provides that the contracts of the forbidden corporation shall be valid.

But the question of the validity of contracts in violation of a statute has also been before the supreme court of this state. Downing v. Ringer, 7 Mo. 585. There the only prohibition of the statute was a penalty affixed against anyone who should sell a town lot before a plat was made out and recorded. There the court quoted with approval as "the established modern doctrine" that "every contract made for or about any matter or thing which is prohibited, and made unlawful by any statute, is a void contract, though the statute itself does not mention that it shall be so, but only inflicts a penalty on the defaulter; because a penalty implies a prohibition, though there are no prohibiting words in the statute." That case has been approved in Mason v. Pitt, 21 Mo. 391, and State ex rel. v. County Court, 72 Mo. 329, as well as by this court in Friend v. Porter, 50 Mo. App. 89. In this state the rule is announced in Downing v. Ringer, while the exception is stated in Ins. Co. v. Walsh, 18 Mo. 229, and Prince v. Baptist Church, 20 Mo. App. 332; these latter being revenue cases in which the prohibition is a mere means of collecting a tax or license. The statute we are considering enacts a *state policy for the protection of its citizens.* Contracts in violation thereof are void. Reese on *Ultra Vires,* secs. 69-72, and notes.

The note in question stated upon its face that "A. W. Stephens & Son" was a corporation organized in the state of

Ehrhardt v. Robertson Bros.

New York. The corporation's agent in this

—:—:—: state had the corporation to assign it to one
indorsee of
note: action. Whitlow. The latter then indorsed it in blank

"without recourse," and delivered it to the
agent, who delivered it to his son and the latter sold it to
this plaintiff, his father-in-law. It is claimed that conceding that the corporation could not recover on the note under
the law prohibiting it from transacting business in this state,
yet as plaintiff did not know such corporation had not qualified itself to so transact business, he could recover. We do
not think so. Plaintiff is a mere transferee of a void contract and can no more maintain the action than could the
corporation. The plaintiff in Downing v. Ringer, *supra,*
was an assignee of the note declared to be void.

It is next insisted that if the act of transacting the business and taking the note was *ultra vires,* none other than the

—:—:—: state can take advantage of it. This insist-
collateral
attack. ence must mean the foreign state, since such
state is the only power which has created
the offending corporation, or *authorized it to do business.* It
can hardly be supposed that our law would be in such condition as to wait upon the action of some other state for a redress of the grievances of the citizens of this state. This
state could not take any action to forfeit the charter of the
offending corporation, or its right to do business, for it has
not granted such charter or such right. This state might, under the act aforesaid, proceed to enforce the penalty prescribed, but that would not meet the question, or be punishment meet, for the willful violation of a charter granted by
the state. It might be the offending corporation would conclude, as is sometimes done in cases of other violators of law,
that it would prefer to pay a penalty now and then, rather
than cease the illegal business.

But aside from these considerations, the cases where it
is held that the *ultra vires* act can not be attacked collaterally, and that the remedy is by a proceeding by the state to

forfeit the charter of the offending corporation, are those cases in which the law itself does not invalidate the act. If the law makes the act void it may be taken advantage of by the party affected without waiting upon the state. So it is said in the cases of Drug Co. v. Robinson, 81 Mo. 18, and Welsh v. Brewing Co., 47 Mo. App. 608, that in matters *ultra vires*, the state and not the individual must act, *unless* the charter itself affirmatively, or by clear implication,. *invalidated* the transaction, or, it was against public policy or good morals, in which case the individual affected may annul it. Reese on *Ultra Vires*, secs. 69-72, and notes.

Lastly, it is contended that the business from which the note in question arose, was done by a traveling salesman or drummer. That this corporation is and was wholly nonresident and therefore the case falls within the exception to the law aforesaid, as has been adjudged in other cases. Blevins v. Fairley, 71 Mo. App. 259; Steam H. Co. v. Gas F. Co., 60 Mo. App. 148; Maxwell v. Edens, 65 Mo. App. 440; Davis & Rankin Co. v. Dix, 64 Fed. Rep. 412. But the trial court, upon evidence fully justifying it, submitted the question to the jury whether the corporation was an entire nonresident institution selling goods through traveling salesmen to be delivered from the foreign house; or, did it have a place of business in this state in charge of a local agent for the purpose of selling goods which were sent to such agent for the purpose of being thereafter sold to customers. If the former, the court directed the finding for plaintiff. If the latter, a verdict for defendant. This was a proper instruction, and, as we have stated, there was sufficient evidence to support it.

Our attention has been called to the case of Carson-Rand Co. v. Stern, 129 Mo. 381, in which it is held that though a foreign corporation had not complied with the statute aforesaid when it begun suit, yet if it did comply during the pendency of the action and before a motion to dismiss was acted

Ehrhardt v. Robertson Bros.

upon, the motion should be overruled. As has been before
stated, the statute declares that on and after the taking effect
of the act, no corporation failing to comply with it, "can
maintain any suit or action" upon any demand, etc. That
decision is based on the meaning to be given to the word
"maintain." It is held not to have been used in the sense
of "begin." And that, therefore, the statute would permit
the action to be brought by the corporation, but that it could
not be maintained except upon compliance with the law. The
point decided by us in this case was not decided in that case.
The question of the invalidity of the contract was not dis-
cussed or referred to in that case. The only question de-
cided was raised on a motion and involved only the right to
remain in court. It did not determine how the questions
which might be presented in the court should be decided. It
is true, it might be said, that if a corporation can, by com-
plying with the law, maintain a suit which it begun before
complying with the law, so it can enforce a contract after
compliance with the law, though made before a compliance
therewith. But in this case there has been no *after* com-
pliance.

We have already discussed the terms of the statute and
have shown that it made it unlawful for foreign corporations
to do business in this state before complying
with the law. The entrance of foreign corpora-
tions into a state and settlement therein for the
purpose of operating their business, is not a
right possessed by such corporations. Admit-
ting them is an act of grace. The state receiving them may
prescribe any conditions it sees proper. Bank v. Earle, 13
Pet. 586; Paul v. Virginia, 8 Wall. 168. The most effect-
ive way to compel obedience to conditions of admission is
to make their contracts unlawful and void. That mode is
unerring in its results. It removes all incentive to come
until after compliance with the law. If they be prohibited

and yet allowed to get the benefit of all their transactions, the law is nullified and fails of its object. It would be an offer of a premium to violators of the law. Mut. Co. v. Rosenthal, 55 Ill. 91. In Tennessee a contract was made without compliance with the law, but before an action was brought thereon, the corporation complied; it was held that the contract was void and could not be enforced. Lumber Co. v. Thomas, 92 Tenn. 587.

The judgment should be affirmed. All concur.