CHICAGO MILL & LUMBER COMPANY v. SIMS, Appellant.

Division Two, June 19, 1906.

**FOREIGN CORPORATION: Not Authorized to Do Business Here: Buying Timber: Suit on Warranty.** Defendant sold to a foreign corporation the timber on his land, and warranted the title thereto, but, having afterwards sold the land to another without any reservation, the company sued him for breach of his warranty. The company had an office for its purchasing agent in Missouri, but no factory or other plant of any kind, and prior to the date of the deed the only business it did in this State with exception of the purchase of the timber on the

Mill & Lumber Co. v. Sims.

one tract of land, was to buy lumber and ship it to Illinois. It had not complied with the statutes of this State relating to foreign corporations, and had received no certificate from the Secretary of State authorizing it to do business here until after said purchase was made and until about one month before the suit was begun. *Held*, that, following Tri-State Amusement Co. v. Forest Park Highlands Amusement Co., 192 Mo. 404, said contract was void and non-enforceable, and the company cannot recover for breach of warranty. [Disapproving Ehrhardt v. Robertson Bros., 78 Mo. App. 404.]

Transferred from St. Louis Court of Appeals.

CIRCUIT COURT JUDGMENT REVERSED.

*George H. Williams* and *Moore & Williams* for appellant.

The very point on which the decision was affirmed in the St. Louis Court of Appeals in this case, i. e., that when it became necessary for a foreign corporation to go into court it could cure itself of its infirmity by then complying with the statute, is decided adversely in Tri-State Amusement Co. v. Amusement Co., 192 Mo. 404. As this is the only point in controversy in this case under the pleadings and evidence, and the same, having been decided adversely to the respondent by this court, we ask that the judgment in both courts be reversed.

*Faris & Oliver* for respondent.

(1) A statute which provides that if a foreign corporation transacts business in a State without having complied with the requirements of the law, it shall incur a penalty, does not render void contracts made by it without having so complied. Under a statute imposing a penalty for non-compliance a foreign corporation is not prohibited from doing business, and its contracts are not void. Ins. Co. v. Walsh, 18 Mo. 229; Clarke v. Ins. Co., 19 Mo. 53; Foundry Co. v. Augus-

tine, 5 Wash. 67; Electric Co. v. Navigation Co., 8 Wash. 370; Tie Co. v. Thomas, 33 W. Va. 566; Ins. Co. v. Rogers, 47 Pac. 848; Mfg. Co. v. Wilhoit, 84 Fed. 514. (2) If a foreign corporation, having made a contract without previously complying with the provisions and requirements of the law relating to such corporations, afterwards comply, even pending a suit by it, it has capacity to sue, and may maintain its action. Carson-Rand Co. v. Stern, 129 Mo. 381; Mfg. Co. v. Hotel Co., 6 Wash. 122; Goddard v. Crefeld Mills, 21 C. C. A. 530; Dairy Co. v. Cole, 86 Fed. 739; B. & L. Assn. v. Bedford, 88 Fed. 7; Loan Assn. v. Elbert, 153 Ind. 198.

BURGESS, P. J.—This is an action for damages for breach of covenant in a deed executed by the defendant, Sims, on the 29th of November, 1898, conveying to the plaintiff, the Chicago Mill & Lumber Company, a foreign corporation organized under the laws of the State of Illinois, the growing timber on certain lands in Pemiscot county, Missouri. Said deed, which was neither acknowledged nor recorded, allowed the plaintiff to cut and remove the timber within three years from the date thereof.

The covenant of warranty for breach of which this suit was instituted reads as follows:

"I warrant said timber and trees to be free and clear from any incumbrance done or suffered by me, or those under whom I claim, and I will warrant and defend the title to the said timber and trees to the said Chicago Mill & Lumber Company, or their assigns, against the lawful claims and demands of all persons whomsoever."

About a month after the execution of that deed, the defendant made and executed a quit-claim deed conveying to E. A. M. Webb and Joe Webb the land on which stood the timber theretofore sold and conveyed to plaintiff, without any reservation in said second deed

as to the timber so sold. This deed was put on record, and the Webbs began cutting and removing the timber from said land, of which fact the plaintiff became aware, and notified the defendant to protect it under his covenant or warranty, which defendant, by letter, promised to do, and in said letter requested plaintiff to confer with his, defendant's attorney, and act upon his advice respecting the necessary steps to be taken in that behalf. Thereafter the plaintiff, acting upon the specific advice of defendant's said attorney, brought suit against the Webbs and one John Erwin to enjoin them from cutting and removing the timber from said land, but that suit resulted adversely to plaintiff, the court holding that the title to the timber was in the Webbs.

The petition in the case at bar contains two counts; the first count asked judgment against the defendant for sum of seven hundred and twenty dollars, with interest from the 29th day of November, 1898, to date of judgment, together with the costs and attorney's fees paid out by the plaintiff in the prosecution of said injunction suit. On the second count judgment was for the defendant, but with this we are not concerned as it is not in issue.

The only defense set up in the answer to said first count was that the plaintiff was a foreign corporation resident in this State and doing business therein at the time it took the deed from the defendant, but that it had not previously complied with the provisions of section 1025 of the Revised Statutes of 1899; that it had not filed in the office of the Secretary of State a copy of its charter or certificate of incorporation, nor made a sworn statement of the proportion of its capital stock represented by property located and business transacted in the State of Missouri, nor paid its incorporating fees, as required by said section, and had no capacity to make such contracts.

The cause was tried by the court, sitting as a jury.

At the close of all the evidence the defendant asked the court to declare the law to be "that under the pleadings and proof in this case the finding should be for the defendant," which declaration of law the court refused to give, and defendant excepted. Judgment for the sum of $963.20 was rendered in favor of plaintiff and against the defendant, from which judgment, after the usual motions, defendant prosecuted his appeal to the St. Louis Court of Appeals, which court, in an opinion written by GOODE, J., affirmed the judgment, but BLAND, P. J., being of the opinion that the decision is in conflict with the decision of the Kansas City Court of Appeals in the case of Ehrhardt v. Robertson Bros., 78 Mo. App. 404, the cause was ordered certified to this court for final decision.

At the trial of the case S. C. Humphreys, the Missouri agent of the plaintiff, testified that at the time and for about ten months prior to the execution of the deed in question he was purchasing agent for the plaintiff and had an office at Caruthersville, Pemiscot county. He testified that the company which he represented had no factory or other plant of any kind in Pemiscot county, Missouri, and that its business in this State consisted in purchasing lumber from sawmill people and shipping it to Cairo, Illinois; that prior to the date of the deed the only business his company did in this State, with the exception of the purchase of one tract of land, was to buy lumber and ship it to its factory in Illinois.

In plaintiff's brief it is stated that its business was the manufacturing of boxes, that its factories were all in a foreign State, and that up to the time of the institution of this suit the only business in which it had been engaged in this State was the buying of lumber, timber and other raw material for shipment to Illinois for the purpose of manufacturing the same into boxes; but the record does not disclose any evidence tending to show the character of business in which plaintiff company was engaged in the State of Illinois, except

that in answer to a question asked by counsel as to what was done with the lumber purchased in this State, witness Humphreys said, ''At the end of the month it was in Cairo in boxes.''

The evidence shows that the plaintiff did not comply with the statutes of this State in relation to foreign corporations, or receive a certificate from the Secretary of State authorizing it to do business in this State, until September 17, 1900, or about a month before this action was begun; also that a prior action to obtain the same relief was instituted by plaintiff against the defendant on June 16, 1900, and was dismissed by plaintiff's attorney when he found that it had not yet filed with the Secretary of State a certified copy of its articles of incorporation or of the certificate given it by the State of Illinois.

Since this cause has been pending in this court the question as to whether or not a contract entered into in this State by a foreign corporation doing business for profit in this State, without having complied with sections 1024 and 1025, Revised Statutes 1899, is a valid contract and can be enforced in the courts of this State, underwent full and exhaustive discussion, as well also all the decisions of the appellate courts of this State, including the decision in this case as reported in 101 Mo. App. 569, in the case of Tri-State Amusement Company v. Forest Park Highlands Amusement Company, 192 Mo. 404, and it was held that such contracts are void and non-enforceable. That case is decisive of the case at bar, and being in harmony with the case of Ehrhardt v. Robertson Bros., 78 Mo. App. 404, and in conflict with the opinion of the Court of Appeals in this case, the latter will be overruled. It follows that the circuit court erred in refusing, at the close of all the evidence, to declare the law to be as indicated by defendant in the instruction asked in the nature of a demurrer to the evidence.

The judgment of the Court of Appeals is overruled and the judgment of the trial court is reversed.

All concur.