Young v. Gaus.

YOUNG, Respondent, v. GAUS et al., Appellants.

**St. Louis Court of Appeals, November 17, 1908.**

**FOREIGN CORPORATIONS: Unauthorized to do Business in this State: Estoppel.** Where the officers and stockholders of a foreign corporation which was not authorized to do business in this State, not having complied with section 1025, Revised Statutes 1899, as amended in 1903, made a negotiable promissory note to the corporation, and then, acting as officers and agents of the corporation, assigned the note to an innocent holder for value, in the name of the corporation, they were estopped, when sued on the note by the innocent purchaser, to set up in defense their own wrong, and want of authority on the part of the corporation to do business in this State.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow*, Judge.

AFFIRMED.

*Harlan, Jeffries & Wagner, W. L. Coley*, and *Chase Morsey* for appellants.

(1) Where a statute imposes a penalty for the doing of an act, all contracts made in violation of that statute are void ; a penalty implies a prohibition. Downing v. Ringer, 7 Mo. 586; Rothwell v. Gibson, 121 Mo. App. 279; Miller v. Ammon, 145 U. S. 421; Building & Loan Ass'n v. Benson, 189 U. S. 408; Dudley v. Collier, 87 Ala. 431. (2) The general rule of law is that where an act is prohibited or declared unlawful, it is not necessary for the statute to declare the act or contract void. An unlawful act is of itself void. Amusement Co. v. Amusement Co., 192 Mo. 404. (3) All contracts made by foreign corporations doing business in this State in violation of section 1025 of the Missouri Statutes (Laws, 1903, p. 121), are absolutely void. Ehrhart v. Robertson Bros., 78 Mo. App. 404; Mill & Lbr. Co. v. Simms, 197 Mo. 507; Roeder v. Robertson,

202 Mo. 522; Shoe Machinery Co. v. Ramlose, 109 S. W. 567. (4) A note void in the hands of the payee because made in violation of a statute, does not and cannot receive life or legal existence by its endorsement or transfer by the payee; the holder is merely a transferee of a void instrument. Rodecker v. Littauer, 59 Fed. 857; Bank v. De Shou, 41 Ark. 331; Bank v. Vankirk, 39 Ill. App. 23; Larson v. Bank, 62 Neb. 303; Bank v. Alsop, 64 Iowa 97; Claflin v. Boorum, 122 N. Y. 385; 8 Cyclopedia of Law and Procedure, p. 46.

*A. A. Paxson* for respondent.

The only question involved in this case is this: Can the makers of a negotiable promissory note, when sued thereon by an indorsee who took the note in due course of business, for full value before maturity without notice, set up non-compliance with section 1025 of our statute by themselves, as a defense to a recovery thereon? All the Missouri cases cited by appellant, except two, are cases where the non-complying corporations are attempting to enforce their own contracts and consequently are clearly not in point in the discussion of the principle which must decide this case. The Negotiable Instruments Act of 1905 provides that "The makers of a negotiable instrument, by making it, engages that he will pay it according to its tenor and admits the existence of the payee and his then capacity to endorse." Laws of 1905, sec. 60, p. 250. This is but a declaration in concrete form of what the well-established rule was and is. This court has well said: "To permit the maker to dispute the power of the payee to endorse such an instrument, would be an intolerable fraud upon the public." Meyer v. Old, 57 Mo. App. 639. Thus we see that our own courts have settled the question involved herein, without reference to the decisions of other jurisdictions, many of which are very instructive, notably the case of Trust Co. v. Bank, 136 Mich.

460, which is a digest and brief on this question. Downing v. Ringer, 7 Mo. 586; Mason v. Pitt, 21 Mo. 393; Higginbotham v. McGready, 183 Mo. 96; Roeder v. Robertson, 202 Mo. 522; Live Stock Assn. v. L. & C. Co., 138 Mo. 406; Hogan v. St. Louis, 176 Mo. 149; Ehrhardt v. Robertson, 78 Mo. App. 404; Handlan-Buck Mfg. Co. v. Wendelkin Con. Co., 124 Mo. App. 349; Young v. Miles & Scott Co., 122 Mo. App. 404; Bank v. Leeper, 121 Mo. App. 688.

BLAND, P. J.—The action is on the following promissory note:

"$1,000.                    St. Louis, Mo., April 15, 1907.

"Four months after date we promise to pay to the order of the Rio Grande Land, Water & Power Company one thousand and 00|100 dollars. Payable at the office of the Rio Grande Land, Water & Power Company.

"For value received negotiable and payable without defalcation or discount and with interest from date at the rate of six per cent. per annum.

"No. ————. Due Aug. 15th.

E. M. SHUTT,<br>
JOHN SEHRT,<br>
A. W. HOFFMAN,<br>
H. S WHITENER,<br>
H. GAUS."

The note was endorsed as follows: "The Rio Grande Land, Water & Power Co. Per B. W. Magin. Asst. Treas.;" and before maturity, for a valuable consideration, was indorsed and delivered by the payee therein to plaintiff.

It was admitted on the trial "that E. M. Shutt was president, and A. W. Hoffman vice-president and treasurer of defendant corporation, The Rio Grande Land, Water & Power Company, and that the defendants, John Sehrt and H. Gaus were directors of the company at that time and are yet, and that H. S. Whitener was a

stockholder in the company, but not a director, and is yet." The evidence further shows that the appellants, other than the corporation, made and delivered the note to the corporation for its accommodation. At maturity the note was protested for non-payment and notice thereof was duly served on all the defendants. On the trial the following stipulation was filed:

"It is hereby stipulated and agreed by and between the parties hereto, through their respective attorneys, that for the purposes of this cause, it is admitted that the defendant, the Rio Grande Land, Water & Power Company, payee in the note sued on in this cause, is a corporation organized for the purpose of gain, and existing under and by virtue of the laws of the territory of New Mexico; that at the time the note sued on in this cause was made and delivered to the defendant, The Rio Grande Land, Water & Power Company, and at the time of its indorsement and delivery to plaintiff, the defendant, The Rio Grande Land, Water & Power Company had not filed in the office of the Secretary of State of the State of Missouri, a copy of its charter or articles of association and had not in any respect complied with section 1025 of the Statutes of Missouri, enacted in 1903 (Laws 1903, p. 121), relating to foreign corporations doing business in this State.

"It is further admitted that the note sued on in this case was made, executed and delivered in the City of St. Louis, Missouri, and that the defendant, The Rio Grande Land, Water & Power Company, was at the time of the execution and delivery of said note, and at the time of its indorsement and delivery to plaintiff, doing and carrying on within this State, the business for which it was organized, and that said Rio Grande Land, Water & Power Company took out a license to do business in this State on August 15, 1907.

"Plaintiff, however, reserves the right to object, and does hereby object to the facts above mentioned, as

not being relative to the issues in this cause, and as not constituting a defense to plaintiff's cause of action."

It was also admitted that the makers of the note did not receive anything for signing it. The defense pleaded and relied upon is that the payee of the note, The Rio Grande Land, Water & Power Company, is a foreign corporation and had not, at the time the note was made, or at the time it was assigned to plaintiff, complied with section 1025, Revised Statutes 1899, as amended in 1903 (Laws of 1903, p. 121), and therefore was unauthorized to do business in this State. The issues were submitted to the court without the intervention of a jury. No declarations of law were asked or given. The court found the issues for plaintiff and rendered judgment in his favor for the face of the note with interest. After an unsuccessful motion for new trial defendants Gaus, Sehrt and Whitener appealed.

The question presented by the record for decision is this: Can appellants, who are officers and stockholders of a foreign corporation, doing business in this State in violation of section 1025 (Laws of 1903, p. 121) make a negotiable promissory note to the corpration, and then acting as officers and agents of the corporation, assign the note to an innocent holder for value, in the name of the corporation, and when sued on the note, set up their own wrong and fraud as a defense thereto? We unhesitatingly answer this question in the negative. A corporation can only act by and through its officers and agents, and the business done by the Rio Grande Land, Water & Power Company in this State was through the agency of at least two of these appellants. It would be a travesty upon justice and a reproach to the law of the State if, in these circumstances, the appellants could shelter themselves behind the unlawful act of the corporation and thus indirectly set up their own wrong and fraud to escape a liability they voluntarily contracted. It has never been held in this State that a foreign corporation, unlawfully doing busi-.

ness herein by failing to comply with section 1025, supra, may set up its own wrong as a defense when sued by a citizen of the State in the courts of this State, to recover an honest debt due him from the corporation. To hold that the statute was enacted for the purpose of enabling foreign corporations, unlawfully doing business in this State, to shelter themselves behind it for the purpose of evading their honest debts to citizens of this State, contracted in good faith and in ignorance of the fact that the corporation was a foreign one or, if foreign, that it had failed to comply with the requirements of the statute, would be to stultify the Legislature that enacted it. The Legislature had no such purpose in view. One purpose of the statute is to bring revenue into the treasury of the State; the other is to protect citizens of the State dealing with foreign corporations, by compelling them as a condition to the right to do business in the State, to submit to the jurisdiction of the courts of the State. It is held in the following cases, that all contracts made in this State by foreign corporations doing business in violation of section 1025 are void: Tri-State Amus. Co. v. Amusement Co., 192 Mo. 404; Mill & Lumber Co. v. Sims, 197 Mo. 507; Roeder v. Robertson, 202 Mo. 522; United Shoe Machinery Co. v. Ramlose, 109 S. W. 567; Ehrhardt v. Robertson Bros., 78 Mo. App. 404. In the cases of Tri-State Amus. Co. v. Amusement Co., Mill & Lumber Co. v. Simms, and United Shoe Machinery Co. v. Ramlose, the suits were by foreign corporations to enforce their void contracts. In Ehrhardt v. Robertson Bros., the Kansas City Court of Appeals held that the indorsee of the note made to a foreign corporation, unauthorized to do business in this State, was a mere transferee of a void contract and could no more maintain an action thereon th~ could the corporation. In this case the note s~ expressed upon its face that it was payable York corporation, and was indorsed to plai

out recourse, therefore, plaintiff took the note as dishonored paper and with knowledge of facts that would have prompted a reasonably prudent person to make inquiries as to whether or not the corporation payee in the note had complied with the laws of this State. Plaintiff was therefore not an innocent holder of the note for value, and the question of estoppel was not in the case. Briefly stated, the facts in the case of Roeder v. Robertson are as follows: A New York corporation, which had not complied with section 1025, sold defendant a threshing outfit for $2,500, upon which defendant had paid about $900. The balance of the purchase price was represented by his notes, one of which was the note sued on in the case of Ehrhardt v. Robertson Bros., supra. After the decision in this case, the corporation, learning that it could not recover upon the other notes, made a bill of sale of the threshing outfit to Roeder, its agent, who had sold the outfit to the defendant. Roeder sued to recover the value of the threshing outfit, alleging that it belonged to him and that defendant had wrongfully converted it to his own use. The judgment was for defendant in the circuit court which on appeal was affirmed by the Supreme Court. In discussing the case, WOODSON, J., writing the opinion for the court, at page 533, said: "He (the plaintiff) cannot successfully contend that he was a bona fide purchaser of the property. He acquired just such title and interest in and to the property as his vendor had, and nothing more. We do not decide what would have been the effect had the appellant been an innocent purchaser." Further on (at pp. 534-5) the court said: "No corporation or citizen of this State would be permitted to repudiate a void contract of sale of merchandise, and, while retaining the purchase price, come into court, and recover the possession of the property sold, or recover the value thereof. Upon the principles of equity and justice restitution of gotton gains should be made before the un-

just prayer for relief should be granted. The other party to the transaction should according to natural justice, be restored to his *'status quo'* before he should be commanded by the court to return the property which had been partially or fully paid for; otherwise the vendor would have both the property sold and the purchase price, while the vendee would have only a doubtful cause of action against a foreign corporation, perhaps far away.

"Such a condition should not and does not exist under the laws of this State.

"Appellant cannot maintain this action without first returning or offering to return the payments received by A. W. Stevens & Son. [Vansandt v. Hobbs, 84 Mo. App. 633; Chemical Co. v. Nickells, 66 Mo. App. 690; Poplin v. Clausen, 38 S. W. 974; Mechem on Sales, secs. 912, 914, 1053; Daniels v. Tearney, 102 U. S. 415; City of St. Louis v. Davidson, 102 Mo. l. c. 155; O'Brien v. Wheelock, 184 U. S. 450.]"

These principles of equity and justice apply to the facts of the case at bar. The corporation could not retain plaintiff's money and successfully assert a violation of the laws of the State as a defense against the note. By its conduct it is estopped to make such a defense against an innocent holder of the note for value, though the note be void as a contract. By assigning the note and delivering it to the corporation to be negotiated, the appellants represented to any one to whom the note might be offered for sale, that it was a valid obligation and the corporation was the legal holder thereof and authorized to negotiate it. It is admitted that plaintiff was an innocent purchaser of the note for value and the record shows conclusively that that was done which the appellants expected would be done, namely, that the corporation would sell the note for a valuable consideration to an innocent purchaser. On this state of facts it would be grossly inequitable, and a gross perversion of the purpose of sec-

tion 1025, to permit appellants to avail themselves of the provisions of said section as a defense to the suit; and the law is that they are estopped by their conduct to deny the validity of the note, or the legal right of the corporation to assign it to an innocent holder for value. [Barnhart v. Finney, 40 Mo. 449; Action v. Dooley, 74 Mo. 63; State Bank of St. Louis v. Frame, 112 Mo. 502; Johnson-Brinkman Com. Co. v. Railway, 126 Mo. 1. c. 353; DeBerry v. Wheeler, 128 Mo. 84; Reynolds v. Kroff, 144 Mo. 433; State ex rel. v. Branch, 151 Mo. 622; Layson v. Cooper, 174 Mo. 211; Henderson v. Koenig, 192 Mo. 690; Evans v. Evans, 196 Mo. 1; Midland Lumber Co. v. Kreeger, 52 Mo. App. 418; Cornwall v. Ganser, 85 Mo. App. 678; Fowler v. Carr, 63 Mo. App. 486; Dry Goods Co. v. Bank, 81 Mo. App. 46.] The statute (section 60, Laws of 1905) declaratory of the law of negotiable paper, clearly estops appellants from pleading section 1025 as a defense to the action. This section reads as follows: "The maker of a negotiable instrument by making it engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to indorse." See also First National Bank of Trenton v. Gillilan, 72 Mo. 77; St. Joseph Fire & Marine Ins. Co. v. Hauck, 71 Mo. 465; Higginbotham v. McGready, 183 Mo. 96; Mayer v. Old, 57 Mo. App. 639.

The judgment is clearly for the right party and is affirmed. All concur.