THE F. N. ELLIS LUMBER COMPANY, Respondent, v. W. H. JOHNS and CENTRAL METHODIST CHURCH, Appellants.

Kansas City Court of Appeals, January 16, 1911.

1. **FOREIGN CORPORATIONS: License.** The statute requiring foreign corporations to take out a license and obtain a certificate to do business in this state, applies to such corporations as have a place of business in this state in charge of a local agent for the purpose of selling goods, which are sent to such agent for the purpose of being thereafter sold to customers, and not to such corporations selling goods through traveling salesmen to be delivered from the foreign house.

2. ———: ———. Where a foreign corporation has no agent and no place of business in this state, and the material in controversy was sold and delivered to the purchaser in a foreign state and used by the latter in the construction of a building in this state, such foreign corporation may maintain an action therefor in this state without first obtaining such license.

3. **Verdict:** **Default:** A verdict in favor of two defendants, one of whom defaulted, was properly set aside as against the weight of the evidence where the demand against such defendant is well supported and no answer was filed.

Appeal from Jackson Circuit Court.—*Hon. Jas. E. Goodrich,* Judge.

AFFIRMED.

*James F. Muster* and *Scarritt, Scarritt & Jones* for appellants.

*Roy B. Thomas* and *Seebree, Conrad & Wendorff* for respondent.

BROADDUS, P. J.—This is a suit by plaintiff to recover judgment against the defendant Johns as contractor and establish a lien against the defendant Church Association for material used in the construction of its church building.

The plaintiff is an Ohio corporation. The material for which the lien is asked was furnished by plaintiff and was used in the construction of defendants' building. The defendant Johns filed no answer. The church filed answer consisting of a general denial of all the allegations of the petition, except the ownership of the building and a further defense that, the plaintiff company was a foreign corporation for pecuniary gain, doing business in this state prior to the institution of the suit, without first having complied with the law regulating such foreign corporations. [R. S. 1899, secs. 1024, 1026; Laws 1903, sec. 1025, p. 121.]

It was shown that defendant had not attempted to comply with said laws, that it had no agent and no place of business in this state; that the material in controversy was sold and delivered to the contractor in the state of Ohio, the locus of the plaintiff, and that the material was used in the construction of the building, against which it is sought to enforce the lien.

There was evidence which tended to show that the material was not sold upon the credit of the church, but upon that of the contractor. The finding was in favor of both defendants, which on motion of plaintiff the court set aside and granted a new trial. From the action of the court in setting aside the verdict the church association appealed.

The motion was sustained by the court, "for the reason that the verdict of the jury is against the weight of the evidence as to defendant Johns, and the court is unable to determine whether the jury found for defendant church on the theory of the non-liability of defendant Johns, or upon the other issue submitted." The court gave the following instructions in behalf of the church: "Unless the jury shall find from the evidence that the credit extended by plaintiff for the claim sued on was extended relying upon the security of the church building and property described in the evidence then your verdict should be in favor of the defendant, Central Methodist Church Association."

The defendant church association also asked the court to instruct the jury in substance, that if the plaintiff has failed to comply with the laws regulating foreign corporations doing business in the state to return a verdict in its favor. It was in effect asking the court to direct a verdict, as there was no pretense that plaintiff had complied with the laws. The court refused to so instruct.

The defendant church association claims in the first place, that they were entitled to a verdict on the undisputed fact that plaintiff had not complied with

the law regulating foreign corporations doing business in the state.

And in the second place that the court was not justified in setting aside the verdict of the jury for the reasons stated.

On the first proposition we think it is well settled, that the law requiring foreign corporations to take out ·a license and obtain a certificate to do business in this state applies to such corporations as have a place of business in this state in charge of a local agent for the purpose of selling goods which are sent to such agents for the purpose of being thereafter sold to customers and not to such corporations selling goods through traveling salesmen to be delivered from the foreign house.   [Ehrhardt v. Robertson Bros., 78 Mo. App. l. c. 411; Mill & Lumber Co. v. Sims, 197 Mo. 507; Buggy Co. v. Priebe, 123 Mo. App. 521.]

Our attention is called to decisions outside of this state which to some extent seemingly, support the defendant's views and which might be applicable under a different state of facts, but not so here.

On the second proposition it may be assumed without contradiction that the action of the court in setting aside the finding in favor of the defendant Johns, the contractor, was entirely proper.   He filed no answer and introduced no evidence to disprove plaintiff's demand.   The plaintiff was entitled to judgment against him for his default.   [Sec. 4214, R. S. 1899.]

As plaintiff's demand stood admitted by the contractor and besides it was well established by evidence, the action of the jury in returning a verdict in favor of the contractor, is only explainable on the theory that they did not comprehend the issue submitted to them by the court, as there is nothing to indicate that they were actuated by passion or prejudice.   It is true the court might have remedied the error, by setting aside the finding in that respect and rendering judgment on account of the default without disturbing the finding

in favor of the church association.  But in the face of the finding against both defendants under the circumstances it was a question whether the jury had comprehended the issues submitted to them under the instructions.  Had they comprehended the issues and evidence, they certainly would not have found in favor of the contractor.  It was inexplicable as the court thought upon what theory their finding was based as to the church association.

The court does not say that the verdict of the jury in favor of  the church association was against the weight of the evidence, but predicates its action upon the theory that the finding as to one of the defendants being wrong, that the verdict in other respects might be wrong also; the jury having to some extent at least misconceived the issues and the application of the evidence to such issues.

As a general rule the granting of a new trial on account of the weight of evidence is a matter within the sound discretion of the court, and unless it is made to appear affirmatively that there was an absence of such discretion appellate courts will not interfere with its exercise.

From the language used we are impressed with the conviction that the court in its action was actuated by a desire to do complete justice between the parties and to give the plaintiff a fair trial upon issue raised between it and the church association, as to the correctness of plaintiff's demand and the validity of its lien, there being no issue to try between the plaintiff and the contractor Johns.  Affirmed.  All concur.