UNION BANK NOTE COMPANY, Respondent, v. AJAX PORTLAND CEMENT COMPANY, Appellant.

Kansas City Court of Appeals, May 1, 1911.

1. CORPORATIONS: Contract: Secretary. Where the secretary of a corporation orders work from a printing company with the knowledge of the president, and when the work is done and delivered at the office of the corporation and receipted for in its name; and where bills for the work are repeatedly sent to the corporation and no response or denial made for nearly one year; it was *held* sufficient evidence of the secretary's authority to sustain a verdict against the corporation.

2. FOREIGN CORPORATION: Void Contract: Estoppel. While contracts made in this state by a foreign corporation which has not complied with the statute as to making a statement and procuring a permit or license from the Secretary of State, are void, yet the corporation will be compelled to pay the value of work done for it, notwithstanding the illegality of the contract.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*C. A. Braley* for appellant.

*Lathrop, Morrow, Fox & Moore* for respondent.

ELLISON, J.—Plaintiff's action is on an account for printing "prospectusses" for the defendant corporation. The judgment in the trial court was for the plaintiff.

Notwithstanding the earnest contention by defendant that it never contracted for the work which makes up plaintiff's account, we can see no good reason why the case should not have rested with the verdict and judgment. This for the reason that it stands altogether upon a question of fact. There is no necessity that we should set out any of the evidence. It took a somewhat wide range. Nor is there any reason why we should follow the lengthy statement and argument concerning the organization of this defendant and the sale of stock, or whether its stock was absorbed by a Mr. Leeds. Nor do we need to encumber the record with an examination of a certain contract with Leeds. The question is, did defendant order the work in controversy and thereby become liable for its payment.

The evidence shows the work was ordered by George S. Page, secretary of the defendant, as the result of negotiations between him and plaintiff's agent, Greiner. There can be no question of the order and the work in compliance therewith. Practically, the entire matter resolves itself down to the authority of Page to bind the corporation. He was shown to be the secretary, but plaintiff concedes that merely showing an individual is secretary to a corporation, does not show he had authority to bind the corporation by contracts for printing its prospectus; but contends, and we think upon good ground, that there was ample evidence of authority which appeared in the negotiations for the work and matters transpiring since. There was evidence tending to prove that defendants president and acting chief officer knew of the acts of Page and approved of them. Portions of the work from time to time were delivered to a place purporting to be defendants place of business, and was receipted for in defendants name. Bills for the

work were mailed to defendant at different times, and though not paid, nor responded to, yet no objection was ever made until near a year, when, after the matter was placed in the hands of an attorney, liability was denied. It is not worth while to pursue the matter further than to say that there was abundant evidence upon which to base the verdict.

The instructions were proper and presented the only issues of fact to determine. They did not assume controverted points as facts proven. Nor was there any reflection, by innuendo, on defendant's absent witness, as stated by it.

Defendant is an Arizona corporation, and while having an office and its chief officers in this state, did not comply with the provisions of law as to a statement to the Secretary of State and a license to do business in this state, as provided by sections 1024, 1026, Revised Statutes 1899, though plaintiff did not know it had not. It therefore asked an instruction declaring its contract with plaintiff to be void for its not having first complied with that law. Such contracts are pronounced void when attempted to be enforced by the corporation. [Tri-State Amus. Co. v. Amusement Co., 192 Mo. 404; Chicago M. & L. Co. v. Sims, 197 Mo. 507; Zinc & Lead Co. v. Zinc Min. Co., 221 Mo. 7; Ehrhardt v. Robertson Bros., 78 Mo. App. 404.]

But, while contracts cannot be enforced by the offending corporation, it will not be permitted to set up its own violation of the law as a bar to its rendering the value of work done for it and for which it agreed to pay. There was no dispute at the trial of the reasonableness of plaintiff's charge. This question of an offending corporation not being permitted to take advantage of its own wrong when sued by the party within whom it deals. was determined, after full discussion by Judge BLAND, in Young v. Gaus, 134 Mo. App. 166.

The judgment will be affirmed. All concur.