CENTRAL COAL & COKE COMPANY et al., Appellants, v. OPTIMO LEAD & ZINC COMPANY et al., Respondents.

**Springfield Court of Appeals, July 20, 1911.**

1. **CORPORATIONS: Foreign Corporations: Failure to Domesticate: Presumption: Estopped to Deny Validity of Contract: Privies.** Plaintiffs had obtained a judgment against a foreign corporation and defendant B. held a deed of trust executed by said corporation upon its property in this state. This action was brought to have the deed of trust cancelled on the grounds that it was void because it was a contract executed in this state by a foreign corporation that had failed to comply with the state laws relating to foreign corporations. *Held*, that plaintiffs' bill was properly dismissed; first, because it appeared that defendant B. did not know that the corporation had not complied with the Missouri laws at the time the deed of trust was executed and he had a right to presume that the law had been complied with and the court will protect him in acting on that presumption; second, the corporation was estopped from denying that it had complied with the law and the plaintiffs, being judgment creditors, were privies with the corporation and are likewise estopped.

2. ————: ————: ————: ————: **Purpose of Statute.** The purpose of the statute in imposing certain conditions upon foreign corporations for the privilege of doing business in this state is not only to raise revenue but to protect the citizens of the state, and although contracts of foreign corporations, failing to domesticate, have been held void in cases in which the corporation or some one claiming under it was asserting the validity of the contract, and the other party to the contract was repudiating it, yet no court has ever held such contract void, so as to permit the foreign corporation or its privy to profit thereby, as against a citizen of this state who had dealt with the corporation in ignorance of its default.

3. ————: ————: ————: **Presumption That Law Has Been Complied With.** Our courts have uniformly held that in proceedings in court involving the status of a foreign corporation it will be presumed, in the absence of a contrary showing, that the corporation has complied with our law. Upon the same principle a party dealing with a foreign corporation in the absence of knowledge to the contrary, should be permitted to presume that the corporation had complied with the law.

4. ———: ———: **Mortgaging Property.** Section 3037, Revised Statutes 1909, which prohibits foreign corporations from mortgaging its property situated in this state to the injury or exclusion of any citizen or corporation of this state who is a creditor of such foreign corporation, cannot be invoked by a judgment creditor of the corporation where it does not appear that they were creditors at the time the deed of trust was given. ·

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

AFFIRMED.

*E. F. Cameron* and *McReynolds & Halliburton* for appellants.

(1) The deed of trust executed and delivered by the Optimo Lead & Zinc Company, an Arizona corporation which has not complied with the laws of this State, is a contract. Contracts made by foreign corporations doing business in this state which have not complied with the laws of this state are void. Tri-State Amusement Co. v. Amusement Co., 192 Mo. 423; Roeder v. Robertson, 202 Mo. 536; Erhardt v. Robertson, 78 Mo. App. 404; Mill & Lumber Co. v. Sims, 197 Mo. App. 512; Zinc & Lead Co. v. Mining Co., 221 Mo. 7; Machinery Co. v. Ramlose, 210 Mo. 631; Bank v. Leeper, 121 Mo. App. 688; State ex rel. v. Pond & Co., 135 Mo. App. 81; Text Book Co. v. Gillispie, 229 Mo. 397. (2) A contract that is absolutely void has no effect whatever. In fact, it is a mere nullity. Skape v. Lecony, 1 N. J. L. 11; Cummings v. Powell, 8 Tex. 80; Lumber Co. v. McIntyre, 75 N. W. 964, 100 Wis. 258; King v. King, 59 N. E. 111; Callis v. Day, 38 Wis. 643; Breckenridge Heirs v. Ormsby, 26 Ky. 228, 19 Amer. Dec. 71; Alexander v. Nelson, 42 Ala. 402; Hoen v. Lewis (N. Y.), 2 Ed. Ch. 289; Bank v. Wheelock, 40 N. E. 636; Pearsol v. Chapin, 48 Pa. 15.

*Norman A. Cox* and *Hugh Dabbs* for respondents.

(1) Appellant's contention entirely misconstrues the meaning of our statutes governing foreign corporations. The uniform rule is that such statutes shall be strictly construed and not extended or enlarged by judicial construction so as to embrace penalties or persons not plainly within their terms. State v. Koock, 202 Mo. 223; Crone v. Tel. Co., 131 Mo. App. 320; Connell v. Tel. Co., 108 Mo. 459; Rixke v. Tel. Co., 96 Mo. App. 410. (2) The statutes were enacted for the purpose of protecting citizens of the state and creditors—such as respondents—against foreign corporations, and the universal rule is to so construe such statutes as not to make contracts void as against the parties for whose benefit the law was enacted. Page on Contracts, sec. 332; Ins. Co. v. Ellis, 32 Ohio 388; Ins. Co. v. McMillan, 24 Ohio St. 67; Thompson on Corporations, sec. 6712; 19 Cyc. 1301; Marshall v. Ins. Co., 78 Hun (N. Y.) 83, 29 N. Y. S. 334; Young v. Gaus, 134 Mo. App. 171; Mfg. Co. v. Const. Co., 124 Mo. App. 364; United Shoe Co. v. Ramlose, 132 S. W. 1133. (3) The law presumes that a foreign corporation doing business in this state has complied with the law, and the citizen, for whose benefit the statute was enacted and who does not come within its penalties, has a right under the law to presume that such corporation has complied with the law. Pennypacker v. Ins. Co., 8 L. R. A. 242; Ins. Co. v. McMillan, 24 Ohio St. 67; Lasher v. Simpson, 123 Atl. 552; Silver Co. v. Rust, 51 Pac. (Colo.) 526. Neither the corporation nor creditors under a subsequent debt and judgment lien can attack respondent's mortgage and contract, and in no event without tendering to respondents the money loaned by them in good faith. Mfg. Co v. Const. Co., 124 Mo. App. 366; Thompson on Corporations, sec. 7955; Rollins v. McAntire, 87 Mo. 496; Downing v. Ringer, 7 Mo. 585; Mason v. Pitt,

21 Mo. 391; Roller v. Robinson, 202 Mo. 533; Shoe Co. v. Ramlose, 132 S. W. 1133; Barnett v. Timberlick, 57 Mo. 501.

COX, J.—Defendant, Optimo Lead and Zinc Company, is a corporation organized under the laws of Arizona and has been for some time engaged in mining in Jasper county, Missouri, but has not complied with the provisions of our law in relation to foreign corporations doing business in this state. The plaintiffs are judgment creditors of this corporation, having obtained judgments against it in the circuit court of Jasper county, February 25, 1910. On June 9, 1909, the corporation borrowed eight thousand dollars from R. C. Boyd, and to secure the same executed a deed of trust upon its mining property with H. B. Boyd as trustee. At the time the loan was made and the deed of trust executed, the Boyds had no knowledge that the corporation had not complied with our law. Default having been made in the payment of the debt secured by this deed of trust, the trustee, on February 14, 1910, advertised the property for sale as provided by the deed of trust; whereupon the plaintiffs instituted this suit in equity for the purpose of having the deed of trust declared void and cancelled and the property covered by it subjected to the payment of their judgments. The trial court found for defendants and dismissed plaintiffs' bill and plaintiffs have appealed.

The main facts are undisputed, and plaintiffs rests their case chiefly upon the proposition that since the Optimo Company is a foreign corporation and had not complied with our laws, the deed of trust executed by it is void and defendants, Boyds, can secure no rights under it even though they dealt with the corporation in ignorance of the fact that it had not complied with our law.

The statute, sections 3037 and 3039, Revised Statutes 1909, among other things, require a corporation from another state to file with the Secretary of State a copy of its charter and to maintain an office in this state where process may be served upon it. Among other provisions is the following, which is part of section 3037:

"And no corporation incorporated under the laws of any other state, territory or country, doing business in this state, shall be permitted to mortgage, pledge or otherwise encumber its real or personal property situated in this state to the injury or exclusion of any citizen or corporation of this state who is a creditor of such foreign corporation." Section 3040 provides for a penalty by fine against a foreign corporation which shall do business in this state without having first complied with the provisions of the other sections.

Nearly all the states in the Union have statutes similar to ours and an examination of the decisions construing them will disclose an irreconcilable conflict upon the question as to whether a contract entered into by a foreign corporation without having first complied with the laws of the state where the contract is made is void or only voidable at the election of the other party. [See 19 Cyc., 1289, b. note 73; Tri-State Amusement Co. v. Amusement Co., 192 Mo. 404-419, 90 S. W. 1020.] The Supreme Court of this state has uniformly held the contract void. [Amusement Case, supra; Mill & Lumber Co. v. Sims, 197 Mo. 507, 95 S. W. 344; Roeder v. Robertson, 202 Mo. 536, 100 S. W. 1086; United Shoe Machinery Co. v. Ramlose, 210 Mo. 631, 109 S. W. 567; Zinc & Lead Co. v. The Mining Co., 221 Mo. 7, 120 S. W. 31.]

The above cases, however, as well as cases in other jurisdictions in which the contract has been held void are cases in which the corporation, or some one claiming under it, was asserting the validity of the con-

tract and the other party to the contract was repudiating it. No court so far as we can learn has ever held the contract of a foreign corporation void for failure to domesticate and at the same time permitted the corporation, or its privy, to profit thereby as against a citizen of the state who had dealt with the corporation in ignorance of its default. As applied to the corporation or its privy the contract is void. But to hold it void when to do so would result in injury to an innocent party and profit to a wrongdoer is contrary to all principles of right and justice, and would be a perversion of the law.

Aside from the question of revenue the purpose of this statute imposing certain conditions upon foreign corporations in return for the privilege of doing business in the state is to protect the citizens of the state. [19 Cyc. 1302; Union Mutual Insurance Co. v. McMillan, 24 Ohio St. 67; Swan v. Watertown Fire Insurance Co., 95 Pa. St. 37; Lacher v. Stinson (Pa.), 23 Atl. 552; Corbett v. Physicians Casualty Assn. (Wis.), 115 N. W. 365; Sparks v. National Masonic Acc. Assn. (Ia.), 69 N. W. 679.]

The citizen needs no protection until it shall become necessary for him to enforce, or resist some obligation, contractual or otherwise, between himself and the corporation. If then his contracts with the corporation, made in ignorance of the fact that the corporation had not complied with the law of the state, which he may seek to enforce are to be held void under all circumstances until the corporation shall comply with the law the statute affords him no protection until it has been complied with by the corporation, and his right to the fruits of his contract is made dependent upon the acts of the other party and the innocent party is put at the mercy of the wrongdoer. To this proposition we cannot give our approval.

Our courts have uniformly held that in proceedings in court involving the status of a foreign corpo-

ration it will be presumed in the absence of a contrary showing that the corporation has complied with our law. [United Shoe Machinery Co. v. Ramlose, 210 Mo. 631, 109 S. W. 567; Tribble v. Halbert, 143 Mo. App. 524, 127 S. W. 618.] Upon the same principle, a party dealing with a foreign corporation in the absence of knowledge to the contrary should be permitted to presume that the corporation has complied with the law. No court should stultify itself by indulging a presumption of compliance with the law in its own dealings with a foreign corporation and then deny the same privilege to a citizen. If a court in the trial of a case where the parties meet as antagonists and where the burden may be upon the corporation to make out its case, will presume compliance with the law, why should not the citizen be permitted to indulge the same presumption while contracting with the corporation in the ordinary course of business? We think he should be so permitted and should not be required to examine and ascertain, at his peril, before dealing with the corporation, whether or not it had complied with the state law. In this position we are supported by eminent authority. [See 19 Cyc. 1301-1302, and cases cited under Note 24. Also, Corbett v. Physicians Casualty Assn. (Wis.), 115 N. W. 365.]

It would be meager consolation indeed to say to a citizen of the state that these provisions of the law are for your protection and you are not required to investigate and ascertain whether or not the law has been complied with by the corporation but you may assume that it has been. Yet, if you act upon that assumption and enter into a contract with the corporation without knowing that the law has not been complied with your contract is nevertheless void. Such a position is inconsistent, for if the contract is void under all circumstances, then in effect a party dealing with the corporation must do so at his peril and it is no profit to him to say that he may assume that the

law has been complied with. If he may assume that fact, then necessarily he must be permitted to act upon that assumption and if, acting upon that assumption, he enters into a contract with a foreign corporation in ignorance of its default, he must be permitted to enforce his contract for in no other way can his rights be adequately protected.

In this case the evidence discloses that defendant Boyd, at the time he loaned the Optimo Company eight thousand dollars and took the deed of trust as security therefor, had no knowledge that the corporation had not complied with our laws, and it would be inequitable and unjust to permit the corporation, or one in privity with it, to repudiate its contract. If the deed of trust, under the facts in this case, is void then the beneficiary thereunder has no lien on the property, and he is remitted to his action for money had and received and would be put to the risk of losing his debt entirely by some other creditor procuring a judgment and levying upon the property of the corporation first. Had he known that, at the time the loan was made he would not have parted with his money. It was his reliance upon the security afforded by the deed of trust that induced him to make the loan and if he is to be deprived of that security he is forced to a position which he would not have voluntarily assumed and the law has failed to furnish him adequate protection.

There are but two logical positions on this question. One is to hold the contract void under all circumstances and apply the doctrine of *caveat emptor* and require every one dealing with a foreign corporation to do so at his peril and if it shall develop that the corporation has not complied with the state law, accord to him no rights under his contract. The other position is to accord to the citizen dealing with the foreign corporation the right to indulge the same presumption which the court allows in its proceedings and

permit the citizen, in the absence of knowledge to the contrary, to assume that the law has been complied with, and when, under such circumstances, he shall enter into a contract with a foreign corporation treat the contract as a nullity as against the corporation and its privies, but valid and binding whenever it shall be necessary to so treat it in order to protect the innocent party. We have no hesitancy in pronouncing the latter the better rule and more in harmony with the principles of right and justice, and the spirit of our law which seeks to protect the innocent.

Our conclusion is that as between the defendant, Boyd, and the corporation, the deed of trust is binding upon the corporation and Boyd cannot be prevented from foreclosing it by the corporation, or its privies, and the rule laid down in the cases from the Supreme Court to which we have been cited in which it is held that a contract by a foreign corporation which has not complied with our law is void, does not apply to the facts of this case.

If we view this case from another standpoint we shall reach the same result. If we regard the deed of trust as void, yet the corporation who gave it will be estopped from asserting its own wrong to avoid it and the trustee must still be permitted to foreclose it. [Young v. Gaus, 134 Mo. App. 166-171, 113 S. W. 735; Steele v. Culver, 158 Mo. 136, 59 S. W. 67; Layson v. Cooper, 174 Mo. 211, 73 S. W. 472; 19 Cyc. 1301 C.; Minneapolis F. & M. Ins. Co. v. Norman (Ark.), 85 S. W. 229; Watertown Fire Ins. Co. v. Rust (Ill.), 30 N. E. 772; Sparks v. National Masonic Acc. Assn. (Ia.), 69 N. W. 678; Ganser v. Fireman Fund Ins. Co. (Minn.), 25 N. W. 943; Williams v. Bank of Commerce (Miss.), 16 So. 238; Hoge v. Dwelling House Ins. Co. (Pa.), 20 Atl. 939; Watertown F. & M. Ins. Co. v. Simms, 96 Pa. St. 520; Berry v. Knight Templars, etc., Life Ins. Co., 46 Fed. 439; Corbett v. Physicians Casualty Assn. (Wis.), 115 N. W. 365.]

The plaintiffs being judgment creditors of the corporation, and no fraud being shown, are privies with it. [Haley v. Bagley, 37 Mo. 364; Henry v. Woods, 77 Mo. 277; State ex rel. Kane v. Johnson, 123 Mo. 43-55, 27 S. W. 399; State ex rel. Subway Co. v. St. Louis, 145 Mo. 551, 567, 46 S. W. 981.] Plaintiffs, therefore, stand in the shoes of the corporation and are as powerless to prevent the foreclosure of the deed of trust as the corporation would be and since the corporation could not prevent its foreclosure these plaintiffs cannot.

There remains but one other question. Does the provision of the statute that a foreign corporation shall not "be permitted to mortgage, pledge or otherwise encumber its real or personal property, situated in this state to the injury or exclusion of any citizen or corporation of this state who is a creditor of such foreign corporation," render this deed of trust void and deprive defendant, Boyd, of his security as against these plaintiffs? Boyd and plaintiffs are all residents of this state and it is not necessary for us to decide in this case whether this statute applies as between citizens of this state for the reason that the deed of trust was given June 9, 1909, and plaintiffs' judgments were not obtained until February 14, 1910, and the evidence does not show when the debts on which the judgments were obtained accrued and since it does not appear that plaintiffs were creditors of the corporation at the time the deed of trust was given the provision of the statute above quoted does not apply in this case. [Manufacturing Company v. Construction Co., 124 Mo. App. 349-368, 101 S. W. 702.]

The judgment is for the right party and will be affirmed. All concur.