R. J. EDWARDS *v.* HAMBLY FRUIT PRODUCTS Co. *et al.*

(*Knoxville.* September Term, 1915.)

BILLS AND NOTES. Defenses available against innocent holders.
Under Negotiable Instruments Law (Acts 1899, ch. 94) sec. 60,
    providing that the maker of a negotiable instrument, by
    making it, .engages that he will pay it according to its tenor,
    and admits the existence of the payee and his then capacity
    to indorse, the innocent holder of a negotiable note may re-
    cover thereon, though the payee was a foreign corporation,
    which, though required to do so, had not complied with the
    law in respect to filing a copy of its charter of incorporation.
Acts cited and construed:  Acts 1899, ch. 94.

Cases cited and approved:  Orr's Administrator v. Orr, 157 Ky.,
    570; First Nat. Bank of Massillon v. Coughron (Ch. App.), 52
    S. W., 1112; Young v. Gaus, 134 Mo. App., 166; Nat. Bank of
    Commerce v. Pick, 13 N. D., 74; Halsey v. Henry Jewett Co.,
    190 N. Y., 231.

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton
County.—T. M. McCONNELL, Chancellor.

STRANG & FLETCHER, for appellants.

THOMPSON, WILLIAMS & THOMPSON, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

One who shows himself to be the innocent holder
of a note negotiable in form may recover thereon, not-
withstanding the fact that the note was executed in

this State to a payee that was a foreign corporation, which had not, though required to do so, complied with the laws of this State in respect of the filing here of a copy of its charter of incorporation.

Whatever may be the rule as to the maintenance of suit by such corporate payee itself (*Orr's Administrator* v. *Orr,* 157 Ky., 570, 163 S. W., 757), or whatever may have been the rule as to the right of an innocent holder in that regard before the passage of our Negotiable Instruments Law (Acts 1899, ch. 94), as to which see *First National Bank of Massillon* v. *Coughron* (Ch. App.), 52 S. W., 1112, we think it manifest that, since the passage of that law, a recovery will be awarded to one into whose hands, as an innocent holder, such a note comes. Section 60 of that act governs, in its stipulation as follows:

"The maker of a negotiable instrument, by making it engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to indorse."

This statutory provision has been so construed by the courts of several jurisdictions. *Young* v. *Gaus,* 134 Mo. App., 166, 113 S. W., 735; *National Bank of Commerce* v. *Pick,* 13 N. D., 74, 99 N. E., 63; Brannan, Neg. Inst. Law, sec. 60. And see *Halsey* v. *Henry Jewett Co.,* 190 N. Y., 231, 83 N. E., 25, 123 Am. St. Rep., 546.

This, if we were to treat the execution of the note to the corporate payee to have been a part of a doing

of business in this State on its part, so as to fall within the purview of our foreign corporation acts.

Decree of the court of civil appeals, in not holding the indorsee an innocent holder, is reversed, and the bill of complainant of Edwards, the maker of the note, seeking to cancel the note, is dismissed.